## (October 11, 1977)

■ ROBERT B. GOLDBERG, Appellant-Respondent, v MARTIN WOLMAN et al., Respondents-Appellants. MARTIN WOLMAN et al., Appellants, v ROBERT B. GOLDBERG et al., Respondents.—Judgment, Supreme Court, New York County, entered May 28, 1976, is modified, on the law and the facts, to the extent of increasing the amount of the judgment in plaintiff's favor to $55,123, with interest thereon (from a date or dates to be fixed in the order to be settled herein), and otherwise affirmed, without costs and without disbursements. This is an accounting action arising out of the dissolution of an accounting partnership as of May 31, 1971. The parties had previously agreed upon the division of case earnings for the fiscal year ending January

31, 1971. We agree with plaintiff's contention that he was entitled to his share of cash earnings received after January 31, 1971, including cash received for work done before January 31, 1971, and that in addition, plaintiff was entitled to his percentage of cash receipts after May 31, 1971, allocable to work done before that date (represented essentially on that date by accounts receivable). The Judge accepted the correctness of plaintiff's figures for these items making plaintiff's percentage thereof equal to $67,-723. As plaintiff had in fact received $12,600, plaintiff contends that he is entitled to the difference, i.e., $55,123. The Trial Judge considered this too much for a four-month period, in the light of plaintiff's previous earnings, and in essence reduced plaintiff's recovery by one half. We do not think that this was justified. Plaintiff was entitled to whatever the accounting showed, here $55,123. And, indeed, this amount is not, strictly speaking, comparable to previous earnings because on dissolution a partner is entitled not only to his share of earnings actually received previous to dissolution but to his percentage of fees received after the dissolution for work done before the dissolution. However, as this recovery includes plaintiff's share of cash received some time after May 31, 1971, interest should not run from May 31, 1971. The parties are requested on the settlement of the order to make appropriate suggestion as to the date or dates from which interest should run. In all other respects, we agree with the Trial Judge's decision. Concur —Silverman, Lane and Lynch, JJ.; Kupferman, J. P., dissents in part in the following memorandum: I would affirm. The Trial Judge's determination of the amount due upon an accounting was a fair appraisal. There is a serious question, as indicated by the testimony of the accredited expert, Dr. Emanuel Saxe, of whether and to what extent the plaintiff should share in the sum of some $107,000 of accrual income and in the amount of some $48,000 from unearned retainers. Settle order on notice.