**Jack KERSHAW and Mary N. Kershaw**

v.

**The FEDERAL LAND BANK OF LOUISVILLE, et al.**

No. 83–6093.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 9, 1983.

James Bateman, Nashville, Tenn., for plaintiff.

Barney Regen, Dickson, Tenn., Lisa Koch Bryant, Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

Pursuant to Rule 52(a), the following constitutes the Court's findings of fact and conclusions of law in connection with the plaintiffs' pending motion for a preliminary injunction.

On February 4, 1983, the plaintiffs brought suit against the defendants Federal Land Bank of Louisville (FLB), the trustee thereof, Barney Regen, and Federal Land Bank Association of Dickson (FLBA). The plaintiffs sought a temporary restraining order to restrain the defendants from carrying out the foreclosure sale of the plaintiffs' property scheduled for February 8, 1983. Rather than issue a restraining order, this Court held a preliminary injunction hearing on February 7, 1983 and ordered, without the opposition of either party, postponement of the sale until February 11, 1983.

Upon review of the facts and the applicable law, this Court concludes that issuance of a preliminary injunction would not be appropriate. A preliminary injunction is not warranted when the party seeking it is unable to show the likelihood of success on the merits. *See Detroit News Pub. Ass'n v. Detroit Typo. Un. No. 18*, 471 F.2d 872, 876 (6th Cir.1972), *cert. denied*, 411 U.S. 967, 93 S.Ct. 2149, 36 L.Ed.2d 687 (1973). For the reasons to be discussed, it appears that the plaintiffs are precluded from maintaining this action because of a judgment entered in an earlier state action filed by the same plaintiffs against the same defendants presently before the Court. Further, under the principles of res judicata, the plaintiffs have failed to state a claim upon which relief may be granted by this Court, and the complaint will be dismissed.

As set forth in the complaint and uncontroverted at the hearing, the pertinent events leading up to the judgment in the prior lawsuit were the following.

The plaintiffs are the owners of a certain tract of land in Dickson County, Tennessee. The defendants FLB and FLBA are a part of the Farm Credit System created by Congress in the Farm Credit Act of 1971, 12 U.S.C. § 2241, *et seq.*, and are subject to the rules and regulations of the Farm Credit Administration. Defendant Barney Regen is a substitute Trustee designated by the defendant Federal Land Bank of Louisville for the purpose of conducting the foreclosure sale which the plaintiffs seek to enjoin.

On November 14, 1972, the plaintiffs executed a promissory note to the FLB in the principal amount of $146,000, secured by a deed of trust to the land in question. The note provides for annual payments of $12,362.01 payable each October 1.

At the time payment became due on October 1, 1979, the plaintiffs were unable to make the payment. They were unable to make the 1979 payment until August of 1980, at which time the defendants accepted it, advising the plaintiffs that the next annual payment must be promptly paid on October 1, 1980, and that no grace period would be permitted.

The plaintiffs were unable to make the October 1, 1980 payment and the defendants refused to extend a period of forbearance, commencing foreclosure proceedings shortly thereafter. The complaint acknowledges that even before the 1979 delinquency, a pattern of delinquency, of lesser duration, had already existed.

The plaintiffs have furnished the Court with pleadings filed in the case of *Jack Kershaw, et ux. v. Federal Land Bank of Louisville, et al.*, No. 7120 in the Chancery Court of Dickson County, including their complaint, filed on November 26, 1980, against FLB, FLBA, and the Trustee. In substance, the complaint is virtually identical to that in the instant case with respect to events that occurred up to the date of its filing. The former complaint sought to enjoin the foreclosure sale scheduled for December 9, 1980, and the plaintiffs averred that at the injunction hearing they would tender an amount sufficient to make two annual payments, for both 1980 and 1981.

The grounds for the injunction sought in the state court proceeding and in this Court

are also, in substance, virtually the same. In an amended complaint filed on August 10, 1981, the plaintiffs claimed that in accelerating the note and commencing foreclosure proceedings, the defendants had violated both the Farm Credit Act of 1971 and their own by-laws and internal policies and regulations. Plaintiffs alleged that the defendants had failed to follow governing regulations and guidelines and had thereby deprived them of the possible resolution of the delinquencies prior to foreclosure.

The complaint filed in the present action sets forth, albeit in greater scope and detail, virtually the same statute, regulations, and internal manuals as were presented to the Chancery Court. Complaint ¶¶ XIV–XIX. Indeed, paragraph XI of the complaint states:

"Plaintiffs herein alleged in 1980 in State Court that regulations and '... regulatory guidelines governing such an organization' [as the defendants] were violated in 1980 and allege today that they are still being violated by the Defendants; hence this lawsuit."

A significant sequence of events, has of course, occurred during the interim between the commencement of the actions in the two courts. The instant complaint indicates that hearings were held in Chancery Court and the matter was settled on September 29, 1981 pursuant to the Agreed Order of the Chancery Court and dismissed with prejudice. Exhibit E of the Complaint.

The prior consent decree ordered disbursement of the plaintiffs' funds to the defendants to be applied to the installments due as of October 1, 1980, October 1, 1981, and in various other ways. No finding of any violation by the defendants was made in the decree. Article III of the agreement states that:

"anything contained herein to the contrary notwithstanding, defendant the

Federal Land Bank of Louisville shall have the absolute right to accelerate the payment of the plaintiffs' promissory note and commence foreclosure proceedings upon the occurrence of the following:

A. The breach by the plaintiffs of any term, covenant, or condition of their promissory note to defendant the Federal Land Bank of Louisville;"

Article IV states that:

"in any subsequent litigation arising out of or resulting from the breach of any term, covenant, or condition of the plaintiffs' promissory note to defendant The Federal Land Bank of Louisville, or the deed of trust securing the payment of said note, the plaintiffs be and ·they are hereby enjoined from asserting any claim or defense not expressly provided by the terms of said note or deed of trust."

On September 24, 1982, as the time for the October 1, 1982 annual payment drew near, the plaintiffs sent a letter to the FLBA asking for forbearance because they would not be able to make the payment. The plaintiffs had received no answer to the letter as of the filing of the instant action. The defendants began foreclosure proceedings on October 30, 1982, withdrew them to modify the description of the subject property, and reinstated the proceedings in January, announcing the sale to take place on February 8, 1983.

■ Alleging that these foreclosure proceedings disregard the rules and regulations· both of the Farm Credit Administration and those promulgated by the defendants themselves, the plaintiffs urge this Court to enjoin the foreclosure sale.[1]

The plaintiffs seek to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, asserting that their reliance on the Farm Credit Act of 1971 raises a federal question. They refer the Court, in particular, to a clause in the deed of trust which

---

1. This Court notes that as state procedural law is not applicable in this case, the plaintiffs were not required to comply with the notice provision of Tenn.Code Ann. § 29–23–201. Further, even if state law governed, the notice provisions might be inapplicable because, as this

Court views this action, it directly involves the enforcement (or modification) of a valid consent decree, and only incidentally seeks to enjoin a foreclosure governed by the terms of that decree. *See* discussion, *infra*.

states that "this deed of trust is subject to the provisions of the Farm Credit Act of 1971, and all acts amendatory thereof or supplemental thereto." Complaint Exhibit B. It is apparent, however, from an examination of the pleadings in the state court action and the instant complaint that any federal questions arising from the defendants' conduct in foreclosing on the plaintiff's property were the subject of the prior litigation in the Chancery Court of Dickson County. As the Court in *Ellis v. Cassidy,* 625 F.2d 227 (9th Cir.1980), stated in deciding that the plaintiff failed to state a claim for relief:

"28 U.S.C. § 1331 confers jurisdiction only where a federal question is otherwise at issue: it does not create federal jurisdiction. The federal questions appellant attempts to assert were raised in previous proceedings and are barred by the doctrine of res judicata."

The immediate question, then, in determining not only the preliminary injunction motion but whether the plaintiffs state a claim upon which relief can be granted by this Court is whether their claim is barred by the doctrine of res judicata.

█ Federal courts must honor state court judgments. Wright & Miller, 18 Federal Practice and Procedure §§ 4469–4471 (1981). The courts have held that under the full faith and credit statute, 28 U.S.C. § 1738, the federal courts are bound to give preclusive effect to state court judgments. In *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), the Supreme Court stated:

"The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system.

Indeed, . . . Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do

so . . . 17 U.S.C. § 1738 (citations omitted)."

*See also James v. Gerber Prods. Co.,* 587 F.2d 324, 327 (6th Cir. 1978) (preclusive effect of a state probate court decree must be honored).

█ Consent judgments ordinarily are intended to preclude any further litigation on the claims presented and thus res judicata applies to valid settlement agreements. Wright & Miller, 18 Federal Practice and Procedure § 4443, at 385; *see, e.g., Bloomer Shippers Ass'n v. Illinois Cent. Gulf R.R.,* 655 F.2d 772 (7th Cir.1981); *Nash County Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484 (4th Cir.1981); *Sclegel Manufacturing Co. v. USM Corp.,* 525 F.2d 775 (6th Cir.1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 762 (1976). Further, when it is clear that the parties agreed to settle claims that were not reflected in the original pleadings, preclusion extends to claims that were not formally presented. Wright & Miller, *supra,* at 387; *see, e.g., Goldman v. Northrop Corp.,* 603 F.2d 106, 109 (9th Cir. 1979). Because a compromise agreement is conclusive as to matters which the parties have fairly intended to include within its terms, even claims arising subsequent to settlement are barred if they were in the contemplation of the party assenting to the settlement. 15 C.J.S. Compromise and Settlement § 27, at 235 (1967 and Supp.1981).

It is clear from both the terms of the consent decree and the circumstances surrounding its formation that in the prior suit the parties meant to settle the matter which has now brought the plaintiffs into this Court.

The facts, even as alleged in the complaint, show that to a great extent the plaintiffs have been in a state of substantial delinquency in payment under the terms of the promissory note since 1979, and to a lesser extent even before that time. When the plaintiffs initiated the suit in Chancery Court in 1980, they sought to enjoin foreclosure under circumstances similar to the present situation, alleging virtually the same violations of federal law and of corporate by-laws and regulations as they do in the instant suit.

Further, the consent decree entered in Chancery Court clearly reflects the intention of the parties to resolve any future instances of delinquency by the terms of the decree. As set out previously, Article III provides the FLB with "the absolute right to accelerate the payment of the plaintiffs' promissory note and commence foreclosure proceedings" in the event of the plaintiffs' breach of any term of the note or deed of trust. The decree thus explicitly contemplates that the plaintiffs might default on October 1, 1982 when the 1982 annual payment became due. The possibility of acceleration and foreclosure commenced by the defendants upon the 1982 default was necessarily within the contemplation of the plaintiffs in agreeing to the settlement. The terms of that decree must therefore be deemed to be conclusive of the matters raised in this action if this Court is to give full faith and credit to the state court's consent judgment. *See* Wright & Miller, *supra,* § 4443, at 387; *Goldman,* 603 F.2d at 109.

The plaintiffs have argued that the consent decree does not give so "absolute" a right to the defendants to accelerate and foreclose as to allow them to abrogate the procedural pre-requisites to foreclosure contained in regulations promulgated under the Farm Credit Act of 1971. In support of this contention, they cite Article IV of the consent decree which enjoins the plaintiffs in any subsequent litigation "from asserting any claim or defense not expressly provided by the terms of [the promissory] note or deed of trust." They point out that item 17 of the deed of trust states that "this deed of trust is subject to the provisions of the Farm Credit Act of 1971 and all acts amendatory thereof or supplemental thereto." The plaintiffs argue that the present action is thus "brought pursuant to the Farm Credit Act of 1971, etc., and therefore is permissible under the deed of trust." Plaintiff's Brief at 4. The defendants counter, citing the clause preceding the provision regarding the absolute right of foreclosure which states that it applies "anything contained herein to the contrary notwithstanding." Consent Degree, Article III.

■ This Court will not, however, engage in an analysis of the consent decree for the purpose of resolving the asserted tension between the "absolute right to accelerate . . . and foreclose" of Article III and the defenses plaintiffs claim were reserved to such action under Article IV. Any internal conflict or ambiguity in the consent judgment may be brought before the Chancery Court of Dickson County, which of course has continuing jurisdiction to enforce its order. This Court, however, is presented with a claim that was clearly meant to be settled by the terms of the prior judgment, and under principles of res judicata it should not be relitigated in this forum. The federal question the plaintiffs attempt to raise in this suit by citing Article IV of the consent decree is the very same grounds for their claim against the defendants in the prior suit. The Sixth Circuit has refused "to engage in *ad hoc* examinations of valid consent decrees", noting that "consent decrees are subject to a sufficient degree of judicial supervision to protect the parties from coercion and economic overreaching" and that the "strong public interest in achieving finality in litigation is advanced by giving res judicata effect" to them. *Vulcan, Inc. v. Fordees Corp.,* 658 F.2d 1106 (6th Cir.1981), *cert. denied,* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982). Accordingly, this Court will give res judicata effect to the judgment of the Chancery Court dismissing the prior action with prejudice and the plaintiffs will be barred from litigating the same issues anew.

With respect to plaintiffs' motion for a preliminary injunction, such relief may be obtained only upon a showing, among several other things, that the plaintiff has a probable right or likelihood of success on the merits. *Detroit News Pub. Ass'n,* 471 F.2d at 876; *see generally* 7—Part 2 Moore's Federal Practice ¶ 65.04[1]. Because of the res judicata bar to the instant claim, the plaintiffs have not met their burden of showing such probable success. *See* Moore's, *supra,* at ¶ 65.03[3].

■ Moreover, it appears to the Court upon a review of the instant complaint, the pleadings in the Chancery Court, the appli-

cable law and the briefs of counsel, that under the principles of res judicata the plaintiffs have stated no basis for relief in federal court. When it appears, after a hearing on a preliminary injunction motion, that the complaint is insufficient on its face, it is the practice of the federal court to dismiss the entire action as soon as the deficiency is brought to its attention. Wright & Miller, 11 Federal Practice and Procedure § 2950, at 490 (1973). *See Concerned Citizens for Neighborhood Schools, Inc. v. Board of Educ. of Chattanooga,* 379 F.Supp. 1233 (E.D.Tenn.1974); Defendant's Brief at 8. Accordingly, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

It is hereby ORDERED that the plaintiffs' motion for a preliminary injunction is denied and the complaint is DISMISSED for failure to state a claim upon which relief may be granted, and this action is hereby DISMISSED.