**In re IOTA INDUSTRIES, INC., Bankrupt.**

**Bankruptcy No. 77 B 1993 (EJR).**

United States Bankruptcy Court, S.D. New York.

Sept. 12, 1984.

municipal adjustment case which suggests that the creditors have acted in violation of the automatic stay.

Cole & Deitz, New York City, for John K. Armstrong.

Zock, Petrie, Reid & Curtin, New York City, for Michael Bray.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for trustee.

## DECISION AND ORDER ON MOTION FOR ORDER SETTLING DISPUTE OVER PROOF OF CLAIM

EDWARD J. RYAN, Bankruptcy Judge.

On August 29, 1977, Michael D. Bray (Bray) filed a proof of claim in the amount of $6,918.12 in the then pending bankruptcy case of Iota Industries, Inc. (Iota) on behalf of the law partnership of Armstrong & Bray for unpaid legal services the firm had performed for Iota. Bray was the attorney responsible for Iota, and all legal work was performed or supervised solely by Bray.

The firm of Armstrong & Bray was dissolved on December 31, 1978.

On September 4, 1979, Bray brought an action against Armstrong in the Supreme Court of the State of New York, County of New York, for $78,750 allegedly owing him from uncollected and unbilled amounts earned prior to dissolution of the partnership; or for an accounting to determine the amount owed to Bray, and for the appointment of a receiver.

On December 3, 1980, Armstrong and Bray entered into a settlement agreement discontinuing the action with prejudice in consideration of $15,000 paid by Armstrong to Bray.

Specifically, the settlement agreement provided:

"2. The above entitled action, and all the claims and counterclaims asserted therein is hereby discontinued with prejudice...."

"3. The parties hereto mutually release one another from any and all claims which they now have, ever had or ever will have arising out of the dissolution, termination or withdrawal of Michael D. Bray from the firm of Armstrong & Bray."

On December 15, 1983, Bray was notified by the attorney for the trustee in the Iota bankruptcy matter that he held a check for 85% of the proof of claim that had been filed in Iota, payable to Armstrong & Bray. The amount due from Iota was not carried on the books of the partnership as of December 31, 1978, because it had been written off in October 1977 as uncollectible.

Each partner claimed he was entitled to the entire amount, whereupon the attorney for the trustee said he would not pay the proof of claim check to either partner without a court order.

On December 19, 1983, Bray initiated the instant proceeding for an order directing the trustee in bankruptcy to settle the dispute over the partnership proof of claim of $6,918.12 in Bray's favor.

The issue presented by this case is how a proof of claim filed on behalf of a law partnership should be distributed between the partners in light of (1) the firm's dissolution before the proof of claim was payable, and (2) a settlement agreement in which one partner surrendered all claims against the other in exchange for a sum of money.

Each of the partners claims he is entitled to the entire proceeds of the proof of claim, and each bases his claim upon the settlement agreement.

Armstrong contends that his payment of $15,000 to Bray pursuant to the settlement agreement bars Bray from raising this "new claim" for receivables.

Bray argues that the settlement agreement confirmed the informal division of assets that occurred at dissolution, at which time Bray had retained the Iota file. Therefore, he maintains that he is entitled to whatever assets are thereafter derived from Iota.

Bray argues in the alternative that if the settlement agreement did not dispose of the proof of claim, it should be considered a "forgotten asset" which survives the dissolution. That is, there should be an equal division between the former partners under New York State Partnership Law.

 In construing the above described settlement agreement the court is mindful of the fact that the effect of a release is governed by the intentions of the parties. *Ruskay v. Jensen,* 342 F.Supp. 264, 271 (S.D.N.Y.1972) *citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 342–48, 91 S.Ct. 795, 808–11, 28 L.Ed.2d 77 (1971). In analyzing the release provisions of settlement agreements, courts have examined the nature and extent of the claims released. *W.J. Perryman & Co. v. Penn Mutual Fire Ins. Co.,* 324 F.2d 791 (5th Cir.1963).

 The parties, cannot be said to have intended to include the Iota proof of claim as part of the release agreement in paragraphs two and three. That is, they relinquished only those claims which existed on the firm's books as of the date of the partnership dissolution. As of the date of the settlement agreement the Iota proof of claim had been written off the partnership's books as uncollectible. Therefore, neither Armstrong nor Bray can argue that the settlement agreement disposed of the Iota proof of claim in his favor. *See Kershaw v. Fed'l Land Bank of Louisville,* 556 F.Supp. 693, 697 (M.D.Tenn.1983).

■ The court is not persuaded by Bray's argument that he has the right to all the Iota proceeds because he retained the client's file after dissolution. The logic of this argument is that the settlement agreement implicitly confirmed the prior division of assets (including files) between the parties. Such an interpretation reads too much into the terse language of the settlement agreement, and for the reasons already stated above the settlement agreement is not dispositive of the Iota claim.

■ Since this dispute is not controlled by the settlement agreement, the court looks to controlling principles of New York State Partnership Law and the rules therein governing proper distribution of proceeds upon dissolution. Upon dissolution, a withdrawing partner is entitled to a pro rata share of fees received after dissolution for work done before dissolution. *Goldberg v. Wolman*, 59 A.D.2d 668, 398 N.Y. S.2d 354, 355 (1st Dep't 1977). Under the partnership agreement, the pro rata share of earnings for Armstrong and Bray was on a 50/50 basis. It is apparent then that the pro rata share of 50/50 under the partnership agreement should govern the distribution of the Iota proof of claim. (Agreement dated January 1, 1973, paragraph 8(b)).

■ The bankruptcy courts are courts of equity, *Young v. Higbee Co.*, 324 U.S. 204, 214, 65 S.Ct. 594, 599, 89 L.Ed. 890 (1945); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); 28 U.S.C. 1481; and the above result is consistent with the well-established principle that equality of distribution is one of the basic aspects of the philosophy of bankruptcy law. *Sampsell v. Imperial Paper and Color Corp.*, 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941).

Accordingly, the Iota proof of claim should be distributed by the trustee to Armstrong and Bray on an equal basis.

It is so ordered.