■ JAMES A. JOYCE, CPA, Respondent, v BORELLI, JOYCE & LIPUMA, LLP, et al., Appellants. [851 NYS2d 756]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered June 13, 2006. The judgment was entered, after a nonjury trial, in favor of plaintiff and against defendants in the amount of $29,048.33 together with interest, attorneys' fees, costs and disbursements.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that plaintiff is awarded $27,696.64 for his share of the assets of the partnership and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to dissolve defendant Borelli, Joyce & LiPuma, LLP and to

divide the assets of the partnership. Following a nonjury trial, Supreme Court adopted the recommendation of the Special Master that plaintiff's share of the assets of the partnership after its dissolution was $29,048.33. We agree with the court's disposition of the case on the merits, but we conclude that the calculations of the Special Master must be adjusted with respect to certain dollar amounts. Specifically, we add to the partnership's net worth value of $217,792 the sum of $560.18 for an M & T account, the sum of $10,784 for prepaid expenses, and the sum of $500 for inventory, for a total of $229,636.18. Plaintiff's one-third share of that adjusted net worth is $76,545.39. After the deductions by the Special Master and the court from that figure, plaintiff's share of the partnership's assets is $32,996.39. In addition, we subtract the sum of $5,310 for accounts receivable collected by plaintiff after the dissolution date for work performed prior to the dissolution date (*see Goldberg v Wolman*, 59 AD2d 668 [1977]), the sum of $114.75 for the value of furniture retained by plaintiff, and the sum of $125 for overdrawn check fees. Plaintiff's resulting share of the assets of the partnership is $27,696.64, and we therefore modify the judgment accordingly. We have examined defendants' remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.