(134 So. 661)

MILES v. BARRETT.

6 Div. 664.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 25, 1931.

Lange, Simpson & Brantley and Reid B. Barnes, all of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BROWN, J.

This action was brought by appellant to recover damages for personal injuries alleged to have been proximately caused by the negligence of defendant while operating an automobile which ran upon or against plaintiff and inflicted upon him said personal injuries.

As to whether or not the defendant was guilty of such negligence, the evidence was in sharp conflict, but it appeared without dispute that the plaintiff, in consideration of defendant paying his doctors' and hospital bills, amounting to less than $100, executed a written release *"in full and complete settlement of any and all claims* of the undersigned (plaintiff) against the said T. L. Barrett (defendant) *on account of such injuries."* (Italics supplied.)

There was an absence of evidence showing, or tending to show, anything like fraud or deceit practiced on the plaintiff in procuring his signature to the release, and in his testimony he admits that he read it and was fully acquainted with its contents.

Giving to the release what, in his opinion, was its legal effect, the trial court directed a verdict for the defendant by giving the affirmative charge at his request in writing, resulting in verdict and judgment in his favor.

The contention here is that there was evidence before the jury tending to show that the plaintiff in executing the release, and the defendant in accepting it, were laboring under mutual mistake of fact, in that both parties acted on the assumption that plaintiff had only suffered a trivial injury to his face, which would not disfigure him, but as a matter of fact one of his cheek bones was crushed, leaving a deep depression on one side of his face, necessitating further surgical treatment.

There are numerous decisions that sustain appellant's contention that a release given and accepted under mutual mistake of fact in such cases, as to the nature and extent of the injury, may be avoided, although the execution thereof was not superinduced by fraud, and it may be conceded that the numerical weight of the decisions sustains this view. See St. Louis-San Francisco Ry. Co. v. Cauthen, 112 Okl. 256, 241 P. 188, 48 A. L. R. 1147, and extensive note, 1462.

But the rule of our decisions is that, in the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach it or vary its terms. Barbour v. Poncelor, 203 Ala. 386, 83 So. 130; Wright v. McCord, 205 Ala. 122, 88 So. 150; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756.

This rule is sustained by a wealth of authority, and by sound reason. See note, 48 A. L. R. pp. 1464–1470.

The rulings of the circuit court were in accordance with these views, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.