**W. J. PERRYMAN & COMPANY, Inc.,** Appellant,

v.

**PENN MUTUAL FIRE INSURANCE COMPANY,** Appellee.

No. 20308.

United States Court of Appeals Fifth Circuit.

Nov. 13, 1963.

Marion R. Shepard, Jacksonville, Fla., Marshall H. Fitzpatrick, Birmingham, Ala. (Mead, Norman & Fitzpatrick, Birmingham, Ala., Mathews, Osborne & Ehrlich, Jacksonville, Fla., of counsel), for appellant.

William M. Howell, Charles Cook Howell, Jacksonville, Fla. (Howell, Kirby, Montgomery & Sands, Jacksonville, Fla., of counsel), for appellee.

Before RIVES and JONES, Circuit Judges, and DAWKINS, Jr., District Judge.

JONES, Circuit Judge.

The appellant, W. J. Perryman & Company, Inc., is an Alabama corporation. On July 1, 1947, it entered into a contract with the appellee, Penn Mutual Fire Insurance Company, a Pennsylvania corporation, appointing the appellant as general agent of the appellee in the State

of Alabama. By an amendment to the contract the appellant also became the appellee's general agent in the State of Florida. The contract terminated on October 12, 1957. On November 22, 1957, the appellant brought suit in the United States District Court for the Northern District of Alabama, there identified as Civil Action No. 8895, against the appellee. In its complaint in that action the appellant asserted that the appellee had breached the contract and that, in violation of the contract, the appellee had sought to appropriate to itself the good will and business of the appellant by the solicitation of insurance renewals. It was alleged that:

"By these unlawful acts in violation of the defendant's [appellee] contractual obligation to the plaintiff [appellant] as above set forth, and by the continuation of such acts in the future, the defendant has injured and damaged the plaintiff in a large sum of money, to-wit, $100,-000.00. * * * "

The appellant, by the prayer of its complaint in the Alabama suit, sought to enjoin the solicitation of renewals or the making of renewals.

The claims asserted in the Alabama litigation were compromised, settled and released. The compromise was effected by a formal instrument of release. It recited that the averments of the then pending action were incorporated in and made a part of the release by reference. Payment by the appellee to the appellant of $55,000.00 was acknowledged "by way of compromise of the claims and demands made against it in said Civil Action No. 8895." The operative part of the release is in the following terms:

"Now, Therefore, In Consideration of the Premises and of the payment to Undersigned of the sum of Fifty Five Thousand ($55,000.00) Dollars, the receipt of which is hereby acknowledged, the Undersigned does hereby remise, release and forever discharge Penn Mutual Fire Insurance Company, a corporation, its officers, servants, agents, employees, successors and assigns of and from all and all manner of actions, causes of action, suits, proceedings, debts, dues, contracts, damages, claims and demands whatsoever in law, equity or civil action, which against the said Penn Mutual Fire Insurance Company, a corporation, its officers, servants, agents, employees, successors or assigns the Undersigned ever had, now has, or which it and its successors and assigns hereafter can, shall or may have for or by reason of the asserted breach by Penn Mutual Fire Insurance Company of the said contract of, to-wit: July 1, 1947, and said contract as amended, and by reason of any matter, cause or thing whatsoever averred in said Civil Action No. 8895, or which could have been litigated in said Civil Action No. 8895. It is understood and agreed between Undersigned and Penn Mutual Fire Insurance Company that Undersigned will cause said Civil Action No. 8895 to be dismissed with prejudice at the cost of Penn Mutual Fire Insurance Company."

It was recited that the payment was in satisfaction of the appellant's claim for compensatory damages only and not for punitive damages. It was agreed that the payment was not to be construed as an admission of liability by the appellee. The Alabama suit was dismissed with prejudice.

The action which gave rise to this appeal was brought by the appellant against the appellee in a Florida State court in 1961. It was removed, by reason of diversity of citizenship, to the United States District Court for the Southern, now Middle, District of Florida. The complaint set forth the agency contract and its termination, the Alabama action, the settlement and the release. It alleged continued acts by the appellee to obtain renewals of insurance policies originally procured by the appellant during the period of the agency, which conduct, the appellant averred, was the taking of its

property. The district court granted the motion of the appellee for a summary judgment and this appeal is from the summary judgment so entered.

Although the claim is made that recovery is sought for a wrongful taking of property, the right asserted is dependent upon the contract of the parties. A custom is alleged that a general agency contract in the insurance business gives rise to a property right in the good will of the renewals of the policies issued by or through the general agent; but whatever rights of such nature may have arisen, they arose from and are dependent upon the contract which the parties made.

There was a controversy between the parties which was before a court in the 1957 litigation in Alabama. That controversy was compromised and settled, and we look to the claim there asserted to ascertain the nature and extent of the controversy. We see that the appellant sought, not only damages for the past conduct of the appellee but for "the continuation of such acts in the future." We look to the release to ascertain the nature and extent of the settlement. Miles v. Barrett, 223 Ala. 293, 134 So. 661. In addition to the general terms of release, the appellant released all claims which it had or which it thereafter could have by reason of the asserted breach, and by reason of any matter, cause or thing averred in Civil Action 8895.

The law favors and encourages compromises. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; J. Kahn & Co. v. Clark, 5th Cir. 1949, 178 F.2d 111. Future damages may be released if such is the intent of the parties. Nahtel Corporation v. West Virginia Pulp & Paper Co., 2nd Cir. 1944, 141 F.2d 1. It was the intent to release the claim and demand which the appellant had asserted in its Alabama suit, including the damages for future acts of the appellee. It seems elementary that the release of the claims asserted in a suit would be a complete bar to the subsequent assertion of such claims. We think that if the suit had proceeded to judgment for the appellant, that judgment would have been a bar to the claim asserted in this cause. The compromise, settlement and release are as conclusive as a judgment would have been if the claim had been litigated rather than compromised and settled. J. Kahn & Co. v. Clark, supra. The dismissal with prejudice adds *res judicata* to the release as barring recovery by the appellant. The summary judgment was proper.

Deciding the appeal as we do, we find it unnecessary to consider the instrument which was prepared as an amendment to the agency contract.

The judgment of the district court is Affirmed.