This is an appeal from the Mobile County Circuit Court's order granting summary judgment in favor of defendant Liberty Mutual Insurance Company (Liberty Mutual) and against plaintiff Gregory Finley.
The facts of this case are as follows:
On January 3, 1982, Gregory Finley was injured while working as an employee of Courtaulds North America, Inc. (Courtaulds). Finley's right hand was caught in an unguarded conveyor belt, resulting in the partial amputation of several fingers. He was released by his physician to return to work on March 8, 1982. Thereafter, without representation of counsel, Finley negotiated a settlement of his workmen's compensation claim with Liberty Mutual, the compensation carrier for Courtaulds.
Liberty Mutual contacted its local Mobile attorney, Benjamen Rowe, in order to effectuate the settlement. Rowe was to prepare the settlement document and obtain court approval of the lump sum settlement. The settlement contained a release which included the following language:
 That upon payment of said $3,852.22 and after obtaining the approval of the Court, said employer and its insurance carrier shall without further formality stand forever released and discharged for any and all claims arising out of or in any way connected with the above-described accident, injuries, and/or disability and/or the treatment thereof, and/or any resulting or related reduced earning capacity, all irrespective of the extent in fact of any such injuries and/or past, present, and/or future disability, and/or reduced earning capacity to said employee, except that the employer will pay for future medical treatment directly and necessarily related to the treatment of injuries described above.
 That this settlement contains the entire agreement between the parties hereto, and the said employer and its insurance carrier do not and have not assumed any obligation of any kind to said employee except as expressly stated herein. [Emphasis added.]
The settlement was submitted to the circuit court, and on April 6 was approved in an order stating:
The Court, . . .
 ORDERS, ADJUDGES, and DECREES that the agreement and petition be and the same hereby is approved by this Court, that the parties hereto are in all respects ordered to conform thereto, and that when the lump sum payment provided for in the agreement and petition has been made, the employer and its insurer shall be forever released and discharged from any and all claims in any way connected with this matter
except that the employer shall pay future medical expenses as more particularly set out in the agreement and petition. [Emphasis added.]
The lump sum payment required in the settlement has been paid in full by Liberty Mutual. *Page 1067 
Several months after the settlement was signed, Finley, at this time represented by counsel, filed a third-party claim against Liberty Mutual alleging, among other things, negligent inspection of Finley's work area. On February 17, 1983, Liberty Mutual filed a motion for summary judgment, taking the position that the above-quoted language of the settlement agreement released it from liability for negligence with regard to Finley's injury. Liberty Mutual supported its motion with an affidavit of Rowe. On March 15, the court, without a hearing on the motion, granted Liberty Mutual's motion for summary judgment. Finley filed a motion to reconsider on March 24, 1983. The motion was supported by Finley's affidavit, which was dated March 10. This affidavit was filed May 13. On May 30, 1983, following a hearing, the motion was denied.
The issues presented for our review are:
 1. Is the language of the settlement and release ambiguous, rendering it inapplicable to Liberty Mutual's third-party liability for negligence?
 2. Was there evidence of lack of mutual assent of the parties, raising a question of fact to defeat a motion for summary judgment?
 3. Was there evidence of fraud, presenting an issue of fact for the jury?
 4. Was there evidence of a lack of consideration for the release of third-party liability of Liberty Mutual?
There is not even a scintilla of evidence to support Finley regarding any of these issues; therefore the judgment of the trial court is due to be affirmed.
 I.
Appellant Finley argues that the language of the settlement and release is ambiguous, and, therefore, that the jury should have been allowed to decide what the intent of the parties was at the time the document was executed. The general rule with respect to releases, as stated in Miles v. Barrett, 223 Ala. 293,134 So. 661 (1931), is that
 in the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach it or vary its terms. Barbour v. Poncelor, 203 Ala. 386, 83 So. 130; Wright v. McCord, 205 Ala. 122, 88 So. 150; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756.
The language found to be unambiguous in Miles was: "in full and complete settlement of any and all claims . . . on account of such injuries. . . ." This language is very similar to that in the instant case which released Courtaulds and Liberty Mutual from "any and all claims arising out of or in any way connected with the above-described accident. . . ." We are unable from the facts of this case to find any reason that would justify a departure from the holding in Miles that the phrase "any and all claims" means precisely what it says, and, therefore, is unambiguous.
 II.
Finley next contends that there was a lack of mutual assent of the parties in signing the settlement. According to theRestatement (Second) of Contracts § 152 (1981):
 (1) Where a mistake of both parties at the time the contract was made as to a basic assumption on which the contract is made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in § 154.
 (2) In determining whether the mistake has a material effect on the agreed exchange of performances, account is taken of any relief by way of reformation, restitution, or otherwise.
It is clear from the language quoted above that there must be a mutual misunderstanding concerning a basic assumption on which the contract was made. There is not even a scintilla of evidence in the pleadings *Page 1068 
and affidavits to suggest a mistaken belief on the part of both Finley and Liberty Mutual. The settlement states that, in exchange for $3,852.22, Finley releases Courtaulds and Liberty Mutual from all claims against them by Finley, which includes the third-party claim that Finley asserted against Liberty Mutual. The fact that a third-party claim was not specifically contemplated by the parties is of no consequence.
Finley maintains that at no time did he intend to release Liberty Mutual, or any other party, from third-party liability. A mistake solely on Finley's part, however, is not enough to invalidate the release.
 If the agreement describes the subject-matter, and does not admit of two meanings, the fact that one of the parties by mistake thought that it was something else does not prevent a binding contract. [Citations omitted.]
Southern Ry. Co. v. Birmingham Rail Locomotive Co., 210 Ala. 540,541, 98 So. 727, 728 (1924).
Finley was unable to proffer any evidence of a lack of mutual assent by himself and Liberty Mutual. Thus, the grant of Liberty Mutual's motion for summary judgment by the trial court was correct.
 III.
Although Finley alleges fraud, there is no evidence whatsoever that Liberty Mutual defrauded him. To the contrary, Finley's affidavit makes no mention of any representations made to him by Courtaulds or Liberty Mutual. Benjamen Rowe, Liberty Mutual's attorney, stated that he "had no discussions with Mr. Finley regarding the terms of the settlement or what was intended to be settled beyond having him read and approve of the settlement documents themselves prior to his signing them." In Miles, supra, this court, when faced with facts substantially similar to those here, found no evidence of fraud upon the claimant, who read the settlement and was familiar with its contents before signing.
 IV.
Finally, Finley alleges that the release was not supported by sufficient consideration, or that the consideration was invalid. Regarding the former, he argues that the amount of money he received is not equal to the amount of money he should have been paid after sustaining such an injury. Finley's argument is not supported in law. The issue of "equality in value" is discussed in Marcrum v. Embry, 291 Ala. 400,282 So.2d 49 (1973), which states:
 The rule is too well settled, even to admit of argument, that consideration in fact bargained for is not required to be adequate in the sense of equality in value. Corbin on Contracts, § 127. The mere inadequacy, alone, is never sufficient to vitiate a contract or conveyance otherwise valid, and the courts are not disposed to enter upon nice calculations to strike a balance on the one side or the other. Norrell v. Thompson, 252 Ala. 603, 42 So.2d 461, 462. Absolute equality is not to be hoped for, and is seldom attained in men's dealings one with the other. Nor is consideration to be measured in terms of dollars and cents alone; convenience, avoidance of troublesome details and efforts are proper elements. Decker v. Decker, 253 Ala. 345, 44 So.2d 435.
291 Ala. at 406, 282 So.2d at 54.
Finley's contention that the consideration for signing the release was invalid is also without merit. Liberty Mutual's payment to Finley was a lump sum payment, and where lump sum payments are made in lieu of weekly compensation payments, the agreement of the parties is required. United States Steel Corp.v. Baker, 266 Ala. 538, 97 So.2d 899 (1957). By agreeing to make a lump sum payment instead of weekly payments, Liberty Mutual was agreeing to perform something that it was not required by law to perform — which has been consistently construed by this court to be valid consideration.
We are unable to find even a scintilla of evidence supporting Finley's contentions; *Page 1069 
therefore, for this and all of the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.