RUSSELL, Judge.
This is a workmen’s compensation case.
Following an ore tenus hearing, Hubert Adkins (employee) was determined to be partially and permanently disabled as a result of a work-related injury suffered while in the employ of Morton Thiokol, Inc. (employer). The employee’s loss in earning capacity was assessed at seventy-five percent. The employee appeals, asserting that the evidence supports a conclusion that his disability is total and not partial in nature. We disagree and, therefore, affirm the trial court's decision.
Initially, we note that this court’s review in workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s findings. Stebbins Engineering & Manufacturing Co. v. White, 457 So.2d 425 (Ala.Civ.App.1984). If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala.1990). Additionally, this court has held that permanent total disability is the inability to perform one’s trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). Finally, in making its findings, the trial court must look to the entire evidence, as well as to its own observations. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985).
After carefully reviewing the record, we find that there is legal evidence to support the trial court’s determination, and a reasonable view of that evidence supports the conclusion that the employee was only partially, and not totally, disabled. In fact, the only testimony presented at trial that would support the employee’s contention that he is totally disabled was his own.
The employee’s treating physician testified by deposition and concluded that the employee is capable of performing sedentary work. Additionally, although the employee possesses only a sixth-grade education, a GED instructor testified that he has “above average intelligence” and is capable of obtaining a GED certificate, which would increase his potential to secure employment. Finally, the chief of employer relations for the employer testified that several positions are available which satisfy the doctor’s description of the type of employment that the employee is capable of sustaining.
Consequently, in light of our standard of review, we cannot disturb the trial court’s *1092 finding of permanent and partial disability. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.