Josephus Smith (employee) filed a complaint against O'Neal Steel, Inc. (employer), seeking workmen's compensation benefits for an injury sustained on the job. Following an ore tenus proceeding, the employee was found to be permanently and partially disabled. The trial court assessed the employee's loss in earning capacity at 75 percent. The employee brings this appeal.
On appeal, the employee initially contends that the trial court erred in denying his claim of total permanent disability and in awarding benefits based on a finding of permanent partial disability.
We note at the outset that our review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. Lewis G. Reed Sons, Inc. v. Wimbley,533 So.2d 628 (Ala.Civ.App. 1988). If, however, a reasonable review of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236
(Ala. 1990).
The test for determining permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc. v. Lovett,423 So.2d 899 (Ala.Civ.App. 1982). In determining the extent of disability, it is the duty of the trial court to review the entire evidence, as well as to consider its own observations.Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985).
The record reveals that the employee is 38 years old and has an eleventh-grade education, with training and work experience as a welder. His job history reveals that he has been engaged solely in manual labor. At the time of his injury, the employee had been with the employer for approximately 11 years. He sustained a back injury while retrieving pieces of metal from inside a 55-gallon drum.
In addition to the employee's testimony that he felt unable to do any type of work because of his back pain, two of the employee's treating physicians, Drs. John Sherrill and Charles Neville, testified that as a result of the employee's back injury, he is not able to be gainfully employed. The employee's vocational specialist also testified that the employee is, in her opinion, totally disabled due to the injury.
However, the employer's vocational specialist testified that after interviewing the employee and reviewing the employee's medical records, the employee is, in her opinion, only 35 to 40 percent disabled. Also, another of the employee's treating physicians, Dr. Thomas Staner, found the employee to be impaired by only five percent. Furthermore, Dr. Edward Bromberg, *Page 1150 
an orthopedic surgeon who treated the employee soon after the injury, testified that he had previously released the employee to return to light-duty work with his employer.
The employee contends that the weight of the expert testimony presented supports the conclusion that he is permanently totally disabled. As noted previously, however, the weight of the evidence is for the trial court's determination. Blue Bell,Inc., supra. Furthermore, the findings of the trial court on conflicting testimony are conclusive where there is any testimony supportive of those conclusions. Suit v. HudsonMetals, Inc. 414 So.2d 115 (Ala.Civ.App. 1982).
After carefully reviewing the record in the case at bar, we find that there is legal evidence to support the trial court's determination, and a reasonable review of that evidence supports the conclusion that the employee was only partially, and not totally, disabled. We, therefore, have no authority to disturb the trial court's determination on this basis.
The employee asserts two additional issues for our consideration in this appeal. However, we note that these issues are raised by the employee for the first time on appeal. Therefore, we do not consider these arguments. See Hellums v.Hager, 360 So.2d 721 (Ala.Civ.App.), cert. denied,360 So.2d 724 (Ala. 1978).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.