In 1985, the employee, Fred Williams, suffered an injury to his wrist while working for his employer, Blue Circle. In 1987, the employee suffered another on-the-job injury. The second injury was also to the employee's wrist.
In 1989, the employee filed a complaint for workmen's compensation benefits from his employer for the 1987 injury. The employer's answer admitted that the employee suffered an on-the-job injury, but asserted *Page 632 
as a defense that the employee had a preexisting injury. Later, the employer amended its answer to include the defense of set-off. Specifically, the employer asserted that it had paid benefits to the employee in the amount of approximately $40,000 as a result of the 1985 work-related injury.
Following a hearing in which evidence was presented ore tenus, the trial court entered an order in which it found that the employee had suffered two injuries, one occurring in 1985 and one occurring in 1987. The trial court further found that a settlement agreement entered into between the employee and the employer was a settlement of the 1985 injury claim and that it did not preclude the employee from asserting a claim for his second injury.
With regard to the degree of disability suffered by the employee, the trial court determined that the employee was unable to perform the work of his trade and, further, that he was unable to obtain reasonably gainful employment. Thus, the trial court found the employee to be totally and permanently disabled.
Although the employer asserts numerous issues on appeal, its assertions of error fall into two basic areas: first, the employer maintains that the trial court erred with regard to its construction and application of the settlement agreement and, second, that the trial court erred in its findings of injury and disability.
First, we will resolve the employer's contentions concerning the settlement agreement. The employer asserts that, pursuant to the agreement, the employee's claim for benefits is precluded, because, it says, the settlement should have a res judicata effect on this litigation. Alternatively, the employer argues that the employee should have been collaterally estopped from pursuing this litigation.
The standard of review employed by appellate courts in workmen's compensation cases is this:
 "Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
First, we recognize that the settlement agreement was not pleaded as an affirmative defense in the employer's answer; however, it was presented at trial. Thus, the pleadings were amended to conform to the evidence. Alabama Rules of Civil Procedure, Rule 15(b); Haynie v. Byrd, 429 So.2d 973
(Ala. 1983).
With regard to settlement agreements, the general rule is that
 " 'in the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach it or vary its terms.' " (citations omitted).
Finley v. Liberty Mutual Insurance Co., 456 So.2d 1065, 1067
(Ala. 1984), quoting Miles v. Barrett, 223 Ala. 293, 134 So. 661
(1931).
The language of the settlement agreement entered into by the parties made reference only to the September 26, 1985, injury. Further, the settlement agreement provided that the employee would receive a lump sum settlement from the employer for the benefits owing and "arising out of the injury described herein above." The lump sum, according to the agreement, was to be a "full settlement of all claims for weekly benefits which lie against the employer(s) and the workmen's compensation insurance carrier under the Workmen's Compensation Law of the State of Alabama."
Pursuant to this settlement agreement, the Circuit Court of Jefferson County entered a decree, which provided that the "payment made hereunder shall constitute full and complete payment of any and all obligations owing the [employee] by the [employer]." *Page 633 
In view of the language of the settlement agreement, we cannot find that the trial court erred in determining that the settlement agreement was intended to settle only the employee's claims surrounding his first injury. In fact, the trial court specifically noted that "the settlement and the [Jefferson County Circuit] Court's decree made no reference to the [employee's] second injury." In short, the trial court determined that the settlement agreement "was unambiguous and further that it constituted the entire agreement between the parties" with regard to the 1985 injury claim only. See Holt v.Davidson, 388 So.2d 548 (Ala. 1980). Thus, the trial court did not err in refusing to apply res judicata or collateral estoppel to the employee's claim for benefits due to his 1987 injury.
We now turn to the employer's contentions concerning the employee's 1987 injury and the degree of disability which resulted therefrom.
We recognize that pursuant to § 25-5-58, Code 1975,
 "[i]f the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
However, if an employee was able to perform his work prior to the time of the subject injury, then no preexisting condition was present for compensation purposes. International Paper Co.v. Rogers, 500 So.2d 1102 (Ala.Civ.App. 1986).
The trial court's order contains this specific factual finding: the employee "was satisfactorily performing his duties subsequent to the first injury and prior to this injury." If there is any legal evidence to support this finding, then we must determine whether a reasonable view of the evidence supports such a finding. Eastwood Foods.
The testimony of the employer's personnel manager where the employee worked was that the employee returned to work in 1985 after his first injury and worked satisfactorily until his second injury. This testimony alone supports the trial court's conclusion that the employee had no preexisting condition for compensation purposes prior to his 1987 injury.
The employer next questions how, if the trial court determined the employee to be totally and permanently disabled from the date of the 1987 injury, did the trial court then arrive at its conclusion that permanent total disability payments were not to begin until June 1988?
We note the following pertinent facts. The employee's complaint alleged that the second injury occurred on or about March 27, 1987. The employer, in its answer, admitted that the employee was injured on March 27, 1987, while working for the employer. Further, the employee received disability payments from the date of the injury until May 1988. Thus, we cannot find that the trial court erred by requiring the employer to pay to the employee "all sums in arrears at the rate of $331 per week since June 1, 1988." The trial court was simply requiring that the total disability payments be calculated from the point that the employee quit receiving his compensation payments.
Finally, the employer asserts that the trial court's determination of permanent and total disability was not supported by the record. We reiterate that our review in workmen's compensation cases is a two-step process.Eastwood Foods. First, we must determine whether there is any legal evidence to support the trial court's findings and, then, whether a reasonable view of that evidence supports its judgment. Eastwood Foods.
After the 1985 injury, the employee was able to perform his work duties. However, following the 1987 injury, the employee has not been able to perform his job. Further, he has not been employed at all. Total disability does not mean absolute helplessness or entire physical disability; instead, it is inability to perform work of one's trade or the inability to obtain reasonably gainful employment. City of Muscle Shoals v.Davis, 406 So.2d 919 (Ala.Civ.App.), *Page 634 cert. denied, 406 So.2d 923 (Ala. 1981).
The employee has worked for the employer all his adult life. Following his 1987 injury he has not worked at all. The doctor who began treating the employee in 1989 testified that, in his opinion, the employee was experiencing real pain if he used his wrist on any repetitive basis and, also, that the employee was restricted from performing jobs that would require use of the employee's injured arm and hand.
This same doctor also testified that he told the employee that the employee could not do any work that he was trained to do and that the employee was probably not able to pursue a gainful occupation with the training, skills, and education background he possessed. The doctor's opinion was based on the fact that the employee's skills were limited to welding and that the employee's speech impediment limited his ability to obtain another job.
We recognize that the employer asserts that other testimony would support a finding that the employee is not totally and permanently disabled. However, in workmen's compensation cases, the trial court may consider all the evidence, including its own observations, and then draw its own conclusions in accordance with its best judgment. Wilde v. Taco Bell Corp.,531 So.2d 918 (Ala.Civ.App. 1988). Further, we do not weigh the evidence; instead, the trial court determines the weight to be given the testimony, and its findings on conflicting testimony are conclusive where there is any evidence to support its conclusions. Smith v. O'Neal Steel, Inc., 571 So.2d 1148
(Ala.Civ.App. 1990).
We cannot say that the trial court's conclusions concerning the employee's disability are without evidentiary support or that a reasonable view of that evidence would not lead to the trial court's conclusions.
The employer asserts that the trial court committed error in excluding one particular doctor's testimony and in allowing a response to a hypothetical question posed to another doctor. However, we have reviewed the record and find that other testimony was presented which sufficiently established the employee's physical condition and the nature and effect of his injuries. Thus, even if the evidence was improperly admitted in one instance and improperly excluded in the other, we will not reverse the trial court when it appears that the party's substantial rights were not injuriously affected. Alabama Rules of Appellate Procedure, Rule 45; see Mobile Paint ManufacturingCo., v. Crowley, 56 Ala. App. 673, 325 So.2d 182
(Ala.Civ.App. 1975).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.