THIGPEN, Judge.
This is a workmen’s compensation case.
Roy Chadwick filed a complaint against Gold Kist, Inc. (Gold Kist), alleging that he suffered a compensable back injury while working for Gold Kist. After an ore tenus proceeding, the trial court entered a detailed order finding that Chadwick was permanently, partially disabled and suffered a 75% disability of his ability to earn. The trial court ordered compensation accordingly. Chadwick appeals.
The dispositive issue on appeal is whether the evidence supports the trial court’s determination regarding the extent of Chadwick’s disability.
At the outset, we note the limited standard of review in a workmen’s compensation case. That two-step process first requires a determination of whether there is any legal evidence to support the trial court’s findings. If such evidence is found, we must then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The law is clear that the trial court has the duty of determining the extent of the disability. The trial court is not bound by expert testimony but must consider all of the evidence, including its own observations, and interpret it to its own best judgment. Genpak Corporation v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988); Allen v. Diversified Products, 453 So.2d 1063 (Ala.Civ.App.1984). On appellate review, we do not consider the weight of the evidence. Allen, supra. We are mindful that “our scope of review as to factual matters, such as the degree of disability, is strictly limited to an examination of the trial evidence.” Allen, 453 So.2d at 1065.
Chadwick contends that the trial court should have found him to be permanently, totally disabled as a result of this injury. He contends that his pain is constant, he no longer has the ability to obtain employment, and he is not retrainable for employment.
We have carefully and thoroughly reviewed the entire record in this case and find conflicting testimonies and documentary evidence from medical, rehabilitation, and vocational experts regarding the extent of the disability suffered by Chadwick. The findings of the trial court on such conflicting evidence are conclusive. Suit v. Hudson Metals, Inc., 414 So.2d 115 (Ala.Civ.App.1982).
There is evidence in the record that Chadwick suffers from “failed back syndrome” and that there is no medical explanation for Chadwick’s chronic pain. The record contains medical testimony that Chadwick is overweight and in poor condition, and that those circumstances factor into his limitations to perform daily functions. There is medical testimony that Chadwick has no permanent restrictions regarding walking, bending, stooping, and lifting other than his pain tolerance. Evidence was submitted that Chadwick was unwilling to cooperate with rehabilitation efforts or participate in programs designed and offered to assist him. Other record evidence reveals that Chadwick failed to keep appointments fashioned to assist him in rehabilitation and lacked diligence in his efforts to return to work. The record contains testimony that Chadwick could be retrained and that there are jobs available at Gold Kist and other places which Chadwick could perform in spite of his limited education, training, and any physical limitations which he might suffer. This evidence supports the trial court’s determination that Chadwick is not totally, permanently disabled.
The record contains Chadwick’s testimony, which conflicts with expert testimony, regarding the extent of Chadwick’s pain and disability. The credibility of the witnesses and the parties is not a matter for appellate review. The weight of the evidence is for the trial court’s determination. Southern Prestressed Concrete, Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App.1986). *950 The trial court must look to the entire evidence in making its determinations. Adkins v. Morton Thiokol, Inc., 560 So.2d 1090 (Ala.Civ.App.1990). The record in the instant case includes an abundance of evidence supporting the trial court’s finding of permanent, partial disability and a reasonable view of that evidence supports the trial court’s judgment.
Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.