THIGPEN, Judge.
This is a workmen’s compensation case.
Ella Allen filed a complaint against Sunshine Jr. Store a/k/a Sunshine Jr. Stores, Inc. (Sunshine), alleging that she injured her back in the course of her employment with Sunshine. She sought workmen’s compensation benefits for permanent partial disability. Following ore tenus proceedings, the trial court determined Allen “suffered a total and permanent disability and lost her ability to earn” as a result of this injury, and awarded compensation accordingly. Sunshine appeals.
The dispositive issue on appeal is whether the trial court erred in determining that Allen was totally and permanently disabled as a result of the injury she suffered while working with Sunshine.
Sunshine contends that no reasonable view of the evidence before the trial court supports a finding of permanent, total disability. Additionally, Sunshine asserts that Allen’s complaint, which she never amended, is void of any claim for permanent, total disability but claims only permanent, partial disability.
At the outset, we note that the standard of review in a workmen’s compensation ease is a two-step process. First, the reviewing court looks to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court next determines wheth *1002 er any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Sunshine correctly asserts that permanent, total disability does not mean absolute helplessness, but instead it is the inability to perform one’s trade, or the inability to obtain reasonably gainful employment. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991). The law is clear that a trial court, which has the duty to determine the extent of the disability, is not bound by expert testimony, but is free to consider all of the evidence, including its own observations, and interpret it to its own best judgment. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988).
Sunshine acknowledges Allen’s injury but contends that there is no evidence in the record to support the trial court’s finding that Allen is totally and permanently disabled. It is Sunshine’s position that the trial court completely disregarded evidence that Allen is able to work, that she has worked some jobs since the injury, and that there are available jobs in the area which she could perform.
Our review of the record discloses that Allen’s capacity evaluation by Dr. M.J. Fitzgerald, the medical doctor who treated and evaluated Allen, restricted Allen’s activities because of the condition of her back. Although she had no limitations on repetitive hand and foot movement, she has restrictions' regarding sitting, standing or walking, lifting or carrying, bending and squatting, crawling, climbing, and reaching. Dr. Fitzgerald testified by deposition that Allen had previously performed manual labor and that she would have “quite a bit of difficulty from pain” if she tried to continue working. He also testified that “I would think it would be very hard for this woman right now to be working, doing any job.”
The rehabilitation expert who testified at trial stated that Allen would be disqualified from employment if Dr. Fitzgerald’s assessment is considered credible. He further characterized Allen’s work attempts since the injury as unsuccessful and indicated that she would be a good candidate for rehabilitation except that her ability to be rehabilitated is impaired by her pain and that she was not physically able to work an eight-hour day. He further testified regarding the vocational significance of one’s pain, and that based on his study of Allen’s records, there were no jobs she could perform.
Allen testified regarding the jobs she had performed since the injury, which included working as a substitute teacher and in a video rental store. She testified that she also had drawn unemployment compensation during part of the time since the injury. She testified that she has two children who have no father and that she must work to provide for her family. She also testified regarding the extent of her pain and the medication she takes to help relieve some of the pain.
We find ample evidence in the record regarding Allen’s injury and disability. The record includes evidence supporting the trial court’s finding of total, permanent disability, and a reasonable view of that evidence supports the trial court’s judgment. Accordingly, we affirm.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.