Roy G. Green injured his back while performing his job as a truck driver for his employer, Yellow Freight Systems, Inc. (Yellow Freight). He subsequently brought an action to recover benefits under the workers' compensation statute of this state.
Following an ore tenus proceeding, the trial court found Green to be permanently and totally disabled as a result of his injury and unable to obtain reasonably gainful employment. The court awarded Green compensation accordingly.
Yellow Freight appeals, contending that no reasonable view of the evidence before the trial court supports a determination that Green is permanently and totally disabled.
At the outset we note that the standard of review in workers' compensation cases is a two-step process. This court must first determine if there is any legal evidence to support the trial court's findings. If such evidence exists, we will then determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
We note also that permanent total disability does not mean absolute helplessness, but instead it is the inability to perform one's trade, or the inability to obtain reasonably gainful employment. Blue Circle, Inc. v. Williams,579 So.2d 630 (Ala.Civ.App. 1991).
The record shows that Green injured his back on the job in March 1990, while loading *Page 1211 
freight onto a truck owned by his employer. His treating physicians diagnosed his injury as a ruptured disk in the IA-5 region of the lower back, and he subsequently underwent two laminectomies in an effort to correct the ruptured disk. Green did not return to work after these operations. Since the time of the second operation, he has been placed on conservative therapy consisting of lower back exercises. At trial Green testified that he continues to suffer from chronic, frequently severe pain in his back.
Yellow Freight acknowledges Green's injury but argues that there is no evidence in the record to support a finding of permanent total disability.
The deposition testimony of Dr. Frank P. Haws, the neurosurgeon who treated Green and performed the two operations on his back, was that Green had suffered a 5% medical impairment to the body as a whole as a result of his injury; however, Dr. Haws stated that, as he was not an occupational physician, he was not qualified to determine Green's percentage of disability. Dr. Haws testified that the only recommendation he could make in response to Green's continued complaints of pain is further surgery. However, he indicated that he could not guarantee that additional surgery would help Green. Dr. Haws further testified that, based on Green's description of his range of physical motion and the work he performed as a truck driver, he did not believe Green could return to his former job.
A vocational expert testified by deposition that Green had sustained a 100% loss in employability. This opinion was based on his review of records from Dr. Haws and on a functional capacity assessment performed on Green by a physical therapist, as well as the vocational expert's own interview and examination of Green. In the absence of an express recommendation by Dr. Haws, the vocational expert had no opinion as to the usefulness of enrolling Green in a physical rehabilitation program. The physical therapist who examined Green determined that he was able to sit up for three hours per day in twenty minute durations and to walk for three hours per day for occasional moderate distances. She further found that Green was only occasionally able to bend, stoop, push, or pull and could not squat, crawl, climb stairs, crouch, or kneel without experiencing considerable pain.
A second vocational expert testified by deposition that Green had sustained a vocational disability of 72-74% based on, among other factors, a physical loss to an open labor market estimated at 81% and a loss in earning capacity of 51%.
Green testified at trial that he is in constant pain as a result of his injury and that he has been unable to work since the accident. He indicated that the pain extended from his lower back down into his legs. He stated that he takes pain medication prescribed by Dr. Haws. He further testified that it was difficult for him to drive a motor vehicle in his condition.
The record reveals that Green was employed by Yellow Freight as a truck driver for twenty-three years prior to his injury. At the time of trial he was fifty years old. He has a tenth-grade education, has never received a GED, and, according to vocational evaluations, can read and understand the English language on about the eighth-grade level.
We find ample evidence in the record of Green's disability. The record includes evidence supporting the trial court's finding of permanent total disability, and a reasonable view of that evidence supports the trial court's judgment.
Yellow Freight maintains that Green's testimony regarding his pain and physical limitations was rife with inconsistencies and exaggerations and was, therefore, patently unbelievable. However, in workers' compensation cases the trial court will consider all the evidence, including its own observations, and interpret it to its own best judgment. Genpak Corp. v.Gibson, 534 So.2d 312 (Ala.Civ.App. 1988). The trial court is in the best position to observe the demeanor of witnesses and to assess their credibility. Dees v.Daleville Florist, 408 So.2d 155 (Ala.Civ.App. 1981). Further, the trial court, and not the reviewing court, determines the weight to be given to the *Page 1212 
testimony. Smith v. O'Neal Steel, Inc., 571 So.2d 1148
(Ala.Civ.App. 1990).
Yellow Freight also asserts that the trial court committed error by relying upon material not in evidence in making its findings of fact and conclusions of law. Specifically, Yellow Freight contends that the depositions of Dr. Haws and the vocational experts were never entered into evidence and, as such, could not form the basis of the court's judgment. Accordingly, Yellow Freight maintains that the only testimony in evidence was that of Green, which, says Yellow Freight, is insufficient to support a finding of permanent total disability.
However, an examination of the trial transcript reveals that when the trial judge stated in open court that the parties had stipulated to the court's review of the depositions, neither party objected to the admissibility of these matters as evidence. Yellow Freight's attorney indicated only that he wished to preserve objections to certain questions asked during the taking of the depositions. It is obvious from the statements of the trial court and the conduct of the parties that it was understood that these depositions were being entered into evidence at that time. When the depositions were stipulated to without objection, Yellow Freight waived its right on appeal to claim as error their introduction into evidence and consideration by the trial court. Rule 32(b), Alabama Rules of Civil Procedure; see also C. Gamble,McElroy's Alabama Evidence, § 426.01(1) (4th ed. 1991).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.