THIGPEN, Judge.
This is a workmen’s compensation ease.
In July 1991, Howard Simmons filed a complaint for workmen’s compensation benefits against Goodyear Tire & Rubber Company, alleging that, as a result of an on-the-job accident in June 1986, he sustained permanent physical impairment to his back and arm and a permanent total loss of his ability to earn. Following ore tenus proceedings, the trial court found that Simmons had sustained a nerve injury to his right arm and an injury to his lower back, resulting in a 90% vocational impairment. The trial court awarded workmen’s compensation benefits accordingly, and Simmons appeals.
The only dispute involves the extent of the injury. Simmons contends that a reasonable view of the evidence would result in a determination that he was permanently and totally disabled.
At the outset, we note that in workmen’s compensation eases, our review is limited to determining if there is any legal evidence to support the trial court’s findings, and then determining whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that Simmons was fifty-one years old and married at the time of the hearing. He has a high school education, and he has also taken an emergency medical technician course that enabled him to serve on the Etowah County Rescue Squad for a period of six years. Prior to his employment with Goodyear, he was employed for five years with the State Highway Department as an engineering assistant performing survey and office work. Prior to the injury, he was employed for approximately twenty years as a “clean-up” worker at a Goodyear warehouse, and for one year as a material handler for Goodyear. Although Simmons had experienced some past medical problems with his right arm, testimony revealed that he had been working without restrictions or limitations prior to the June 1986 injury. Simmons’s wife testified that Simmons did not return to work following the June 1986 injury, and that he had retired from Goodyear based on disability. She further testified that he was no longer able to perform routine activities and tasks, and that he frequently kept his right arm immobilized with a sling because the arm was painful a majority of the time. She also testified that Simmons suffered a head injury in 1989, as the result of a fall in the home.
Permanent total disability is the inability to perform one’s trade or to obtain reasonably gainful employment, and it does not mean absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the duty of the trial court to determine the extent of the disability. Genpak, supra. The assignment of the extent of the disability is a discretionary function of the trial court. Allen v. Diversified Products, 453 So.2d 1063 (Ala.Civ.App.1984).
The record reveals that Simmons’s primary treating physician was Dr. William N. Haller, Jr., an orthopedic surgeon. Dr. Haller testified that he first treated Simmons in December 1985 for a November 1985 work-related back injury. Dr. Haller testified that he continued treating Simmons, and in December 1986, Simmons complained of leg pain and elbow pain. Ultimately, Dr. Haller wrote a letter to Goodyear, recommending that Goodyear retire Simmons. Dr. Haller assigned a 33% permanent impair *1057 ment rating for Simmons’s arm and opined that Simmons could work part-time in a light-duty position, but that he would never be able to perform any type of manual work requiring lifting. Dr. Haller also testified that, absent complaints of pain, he knew of nothing to prevent Simmons from being employed.
Dr. Mary House Kessler, a vocational specialist, testified that, if Simmons’s complaints of pain were not considered, Simmons had approximately a 90% vocational disability; however, if his complaints of pain were considered valid, then he would have a 100% vocational disability rating. It is noteworthy that Dr. Kessler’s examination of Simmons occurred after Simmons suffered his head injury and the resulting communication problems. Dr. Kessler testified that prior to the head injury, assuming Simmons’s complaints of pain were not considered to be valid, Simmons would have been able to perform full-time sedentary work.
In arriving at its judgment, the trial court considers all the evidence before it, as well as its own observations of the witnesses, and it interprets what it has heard and observed according to its own best judgment. Yellow Freight Systems, Inc. v. Green, 612 So.2d 1209 (Ala.Civ.App.1992). Furthermore, it is the responsibility of the trial court, not this court, to weigh all the evidence. Yellow Freight Systems, supra.
Although it is clear that Simmons could not return to his former job with Goodyear, the record reveals that he had many useful skills and the potential of obtaining gainful employment prior to his head injury. The record contains legal evidence to support the trial court’s finding of 90% permanent disability, and a reasonable view of the evidence supports the trial court’s judgment regarding the extent of Simmons’s disability. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.