THIGPEN, Judge.
This is a workmen’s compensation case.
Clarence Robert O’Brien filed a complaint against Trotman Electric Company, Inc., alleging that in December 1988, while employed as an electrician for Trotman, he sustained work-related injuries. After ore tenus proceedings, the trial court found that O’Brien had sustained a 100% loss of earning capacity as a result of the on-the-job accident, and it awarded benefits accordingly. Following post-judgment motions, the trial court conducted a hearing and subsequently amended its final order. Trotman appeals.
Trotman contends that a reasonable view of the evidence does not support a finding of permanent and total disability.
Our review in workmen’s compensation cases is limited to determining whether there is any legal evidence to support the trial court’s findings, and then determining whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Permanent total disability is the inability to perform one’s trade or to obtain reasonably gainful employment and does not mean absolute helplessness or complete physical disability. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991).
The record reveals that at the time of the hearing, O’Brien was approximately 50 years old, and that he had a seventh grade education and had been employed by Trot-man for approximately sixteen years. O’Brien testified that while working for Trot-man, he was tightening a pipe fitting with a wrench when he felt a “pop” in his “whole body,” and the muscles in his leg tightened. As a result of the incident, O’Brien claims to have pain in his lower back, and pain and swelling in his right leg. Because of this, he claims that he is now unable to work or perform routine daily activities.
Following the incident, O’Brien sought treatment from numerous sources, including a chiropractor, family physicians, orthopedic surgeons, neurologists, a team of specialists with’the University of Alabama Pain Clinic, a vascular expert, and an orthopedic consultant. Depositions of the various medical personnel are contained within the record, as well as the testimony of two vocational experts. It appears that, regardless of the extensive medical treatment, O’Brien continues to suffer from a great deal of pain, and he is unable to work.
A complete recitation of the record evidence would serve no purpose. Much of that evidence is conflicting, and when findings of the trial court are based upon conflicting evidence, those findings are conclusive if there is any supportive testimony. Smith v. O’Neal Steel, Inc., 571 So.2d 1148 (Ala.Civ.App.1990).
*1059 The trial court is not bound by expert testimony, and it may consider all of the evidence, including its own observations, and interpret it to its own best judgment. Blue Circle, supra. We consider neither the propriety of the trial court’s findings nor the weight of the evidence. Chadwick v. Gold Kist, Inc., 598 So.2d 948 (Ala.Civ.App.1992). The assignment of the extent of the disability is a discretionary function of the trial court, and we have no authority to disturb it when there is evidence to support that decision. Genpak Corp. v. Gibson, 534 So.2d 812 (Ala.Civ.App.1988).
There is ample legal evidence in the record to support the trial court’s findings, and a reasonable view of that evidence supports the trial court’s judgment. The judgment is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.