YATES, Judge.
Benjamin Ware filed a complaint for workmen’s compensation benefits in the Circuit Court of Jefferson County against Jim Walter Resources, Inc. Following oral proceedings, the trial court found Ware to be totally and permanently disabled. Jim Walter appeals, contending that the evidence does not support a finding of permanent and total disability.
The standard of appellate review in workmen’s compensation cases is a two-step process. This court must first look to see if there is any legal evidence to support the trial court’s findings. If it finds such evidence, then it must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Permanent total disability is the inability to perform one’s trade or to obtain reasonably gainful employment; it does not mean absolute helplessness or complete physical disability. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991).
At the time of the hearing, Ware was approximately 51 years old. He had a high school education and had been employed by Jim Walter since 1982. Ware testified that on March 3, 1988, while he was working as a roof bolter in a coal mine, the index finger of his left hand was caught in a roof bolting machine. He experienced with the injury a number of complications that led to the amputation of his index finger. Ware returned to work, performing his regular duties as a roof bolter; however, he developed a painful condition in his left hand that required surgery in September 1990. Ware, again, returned to work. Because of the problems he suffered with his left hand, he was forced to rely heavily on his right hand to perform his job. This “overeompensation” caused injury to his right wrist and hand, requiring surgery in May 1992 to replace torn ligaments. Ware has not worked since that time.
*14 Ware testified that his pain is constant and that he takes pain medication every day. He stated that his medication makes him drowsy, but, because of the constant pain he suffers, he is unable to sleep at night, and he said the only way he can relieve the “pressure” in his hands is to place them under his armpits. Ware testified that he cannot hold a telephone, a hammer, a saw, or a fishing reel and that he is unable even to grip a doorknob.
Susan Robbins, a vocational rehabilitation counselor, testified that she had performed a vocational evaluation on Ware and that she assigned him a 71 percent vocational disability rating. She further testified that Ware would be a candidate for retraining and that there were light duty jobs available for him. However, William Stewart, a vocational rehabilitation counselor and evaluator, conducted a clinical occupational and rehabilitation interview with Ware. He testified that Ware was totally disabled and was not a candidate for vocational retraining, because of his age, educational limitation, limited work experience, and ongoing problems with pain.
In finding Ware to be permanently disabled, the trial court made the following findings in its thorough and well-reasoned order:
“13. The Court has observed [Ware] in open court and taken note of his demeanor, actions, mannerisms and obvious pain and discomfort. As [Ware] sat in Court, while giving testimony and at counsel’s table, he continuously sat with his arms crossed with his left hand under his [right] armpit and vice versa. Upon questioning about his actions, [Ware] described to the Court that this helped minimize the pain and sensitivity that [he] experienced in his hands and the nerve endings associated with his hands.
[[Image here]]
“15. This Court is of the opinion that [Ware’s] testimony is believable and that his pain is constant and associated or combined with his physical limitations the pain contributes to [his] overall debilitated condition rendering him permanently and totally disabled from gainful employment on a sustained basis.... ”
The trial court heard the testimony and observed Ware; it is the trier of fact, and it has the duty to weigh the evidence. Assigning the extent of the disability is a discretionary function of the trial court; we have no authority to disturb the trial court’s determination in that regard when there is evidence to support it. Genpack Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.