YATES, Judge.
Jeanette Kashuba appeals from a summary judgment entered in favor of Jim Limbaugh Toyota, Inc., and three of its agents. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In response to a newspaper advertisement, Kashuba went to Limbaugh Toyota to purchase a used 1988 Honda Prelude automobile. Upon her arrival, she learned that the automobile was at another dealership. Over the next several days, Kashuba returned to Limbaugh Toyota to inquire about the automobile. Each time, an agent told her that the automobile would soon be on the lot. During one visit, Kashuba alleges, she inquired about any body damage previously sustained by the automobile. During another visit, an agent prepared the necessary paperwork for the sale of the automobile. Six days after Kashuba’s initial visit, the automobile arrived and she purchased it.
A few months later, while vacationing, Ka-shuba had trouble with the automobile and learned that it needed a new transmission. After returning home, she also learned that the automobile had been previously wrecked and had sustained extensive damage. Limbaugh Toyota agreed to put a new transmission in the automobile, to repair a door hinge, and to repair the air conditioning, all at no cost to Kashuba, but it refused to make other repairs to the automobile. After the dealership made the repairs, Kashuba returned to retrieve the automobile and signed a release stating that, in exchange for the repairs to her car, Kashuba relinquished her right to bring any claims against Limbaugh Toyota that might arise from the sale of the automobile. Kashuba alleges that she did not understand the meaning of the release and that Limbaugh Toyota agents had told her that the release meant only that Limbaugh Toyota had made the agreed-upon repairs and had returned her car. In the following months, Kashuba made extensive repairs to her automobile.
On March 29,1993, Kashuba sued, alleging that Limbaugh Toyota and its agents had: (1) negligently, recklessly, and/or intentionally misrepresented the condition of the automobile; and (2) fraudulently induced her to purchase the automobile. On March 21, 1995, the trial court entered a summary-judgment in favor of Limbaugh Toyota; Ka-shuba appeals.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a pri-ma facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is substantial if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). Where evidence reasonably supports an inference that the defendant defrauded the plaintiff, the fraud claim should ordinarily be determined by the factfinder. Baker v. Bennett, 603 So.2d 928 (Ala.1992), cert. denied, 507 U.S. 912, 113 S.Ct. 1260, 122 L.Ed.2d 658 (1993).
Limbaugh Toyota argues that Ka-shuba’s claim is barred by the release, which states in part:
“For The Sole Consideration of Repairs Received receipt and sufficiency whereof is hereby acknowledged the undersigned hereby releases and forever discharges Limbaugh Toyota Inc. & All Their heirs, executors, administrators, agents and assigns, and all other persons, firms, or cor *990 porations Hable or who might be claimed to be Hable ... from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of aH injuries, known and unknown, both to person and property, which have resulted or may in the future develop from the Sales Transaction which occurred on or about the 14 day of March, 1992.”
A release obtained by fraud is void. Taylor v. Dorough, 547 So.2d 536, 540 (Ala.1989). In the absence of fraud, an unambiguous release will be given effect according to the intention of the parties as evidenced by what appears within the four corners of the instrument, and parol evidence is not admissible to impeach the release. Miles v. Barrett, 223 Ala. 293, 134 So. 661 (1931).
Kashuba asserts that Limbaugh Toyota fraudulently obtained the release. She offers her own deposition testimony to support her contention. The evidence, viewed in a Hght favorable to Kashuba, tends to show that: (1) the agent(s) partially, rather than fully, disclosed the meaning of the release; (2) Kashuba did not understand the release; (3) she reHed upon the representations made by the agent(s); and (4) she beHeved that Limbaugh Toyota would not return the automobile to her unless she signed the release. Viewing the evidence in the Hght most favorable to the nonmovant, we cannot say that fair-minded persons would be unable to reasonably infer that Limbaugh Toyota fraudulently obtained the release. Further, a factfinder could reasonably find that the release was, therefore, void and cannot bar Kashuba’s claims.
In opposition to the summary judgment motion, Kashuba offered the affidavit of Thomas Hurly, a mechanic who had worked in the engine and machine industry for over 35 years. He stated that he inspected the automobile and found that: (1) it had been previously damaged or wrecked; (2) the repairs performed were substandard; and (3) the automobile should not be driven. Kashu-ba’s deposition testimony, viewed in a Hght favorable to her, tends to show that: (1) Limbaugh Toyota agent(s) told her the automobile had a new transmission when, in fact, it did not; (2) the agent(s) told her the automobile had not sustained any body damage before she purchased it when, in fact, it had; and (3) Kashuba would not have purchased the automobile had she known about its body damage and transmission.
After examining all of the evidence, we cannot say that fair-minded persons would be unable to reasonably infer that Limbaugh Toyota misrepresented the condition of the automobile or that it fraudulently induced Kashuba to purchase the automobile. Accordingly, we reverse the summary judgment and remand the case for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.