BEATTY, Retired Justice.
Eva Chancey (employee) sued her employer, J.Q.H., Inc., alleging that on September 3, 1995, she was injured in the line and scope of her employment with the employer. Specifically, the employee contends that on that date she was working as a housekeeper at the Embassy Suites hotel in Montgomery, which was operated by her employer, and that while she was making a bed, a headboard fell off the wall and struck her, causing her to suffer neck and shoulder injuries. The employer answered, denying the allegations of the complaint.
The trial court entered a judgment in favor of the employer, stating:
“At the trial, there was testimony and evidence tending to cast a doubt on whether or not this incident ever occurred. Furthermore, the majority of the medical evidence in this case indicates that [the employee] did not have objective evidence to support such an injury. This court also finds credible certain evidence that [the employee] may not have been injured at work at all, but rather at her home. Furthermore, surveillance video tapes introduced into evidence show that [the employee] was capable of performing physical activities inconsistent with her claim of a disability.
“After reviewing the entirety of the evidence ..., including the testimony of the [witnesses who appeared in court] and considering the credibility of each witness, this court does not find that [the employee] met her burden of [proving] to the reasonable satisfaction of this court that she suffered an injury within the line and scope of her employment.... ”
The employee appeals, contending that the trial court committed reversible error in finding that she did not meet her burden of *549 proving that she suffered an on-the-job injury.
In a workers’ compensation case, this court’s review of the “standard of proof ... and other legal issues” is “without a presumption of correctness.” Ala.Code 1975, § 25-5-81(e)(l). However, as this court concluded in Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995), “[t]he new Act [i.e., the Workers Compensation Act as amended effective May 19, 1992] did not alter the rule that this court does not weigh the evidence before the trial court.”
Further, we note that this court will not reverse the judgment of the trial court if that court’s findings of fact on which the judgment is based are “supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). In Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), our supreme court, quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989), “defined the term ‘substantial evidence,’ as it is used in [Ala.Code 1975,] § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Eugene Washington, the employee’s brother, testified that his sister was not injured while working at the Embassy Suites hotel. Washington stated that the employee’s injuries resulted from a slip-and-fall accident at the employee’s home, although she reported that her injuries were the result of an on-the-job accident. The employee contends that the trial court erroneously relied upon Washington’s testimony and disregarded other testimony that she says established that she suffered a compensable on-the-job injury.
In Blue Circle, Inc. v. Williams, 579 So.2d 630, 634 (Ala.Civ.App.1991), this court stated:
“We recognize that the employer asserts that other testimony would support a finding that the employee is not totally and permanently disabled. However, in workmen’s compensation cases, the trial court may consider all the evidence, including its own observations, and then draw its own conclusions in accordance with its best judgment. Further, we do not weigh the evidence; instead, the trial court determines the weight to be given the testimony, and its findings on conflicting testimony are conclusive where there is any evidence to support its conclusions.”
(Citations omitted.)
In Ivie v. Winfield Carraway Hospital, 678 So.2d 1190, 1193 (Ala.Civ.App.1996), this court stated, “Moreover, the trial court is free to choose which evidence it believes, and when conflicting evidence is presented, the findings of the trial court are conclusive, if supported by the evidence.” (Citations omitted.)
In the present case the trial court not only had the opportunity to observe the witnesses and to hear each witness testify, but that court, as it noted in its order, “with the consent and presence of both attorneys ... also made an inspection of a room similar to the scene of the alleged accident.” After considering all of the evidence, the trial court determined that the employee had failed to carry her burden of proof to establish “that she suffered an injury within the line and scope of her employment....”
The record contained substantial evidence to support the trial court’s conclusions. Consequently, the judgment of that court must be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.