The claimant, Joyce Ann Morrow, allegedly sustained an on-the-job injury to her foot on January 29, 1987. She subsequently filed suit against her employer's workmen's compensation carrier, Travelers Insurance Company, after it refused to pay her medical expenses or disability benefits. The trial court denied the claimant benefits under the workmen's compensation laws of Alabama on the grounds (1) that she failed to prove that her accident arose out of and in the course of her employment and (2) that she failed to comply with the notice provisions mandated under § 25-5-78, Ala. Code 1975 (1986 Repl.Vol.). The claimant appeals from this decision.
Benefits are available under Alabama's workmen's compensation laws only after a claimant has proven that the accident causing the injury "arose out of" his employment and occurred "in the course of" his employment. The phrase "arising out of" refers to a causal connection between the claimant's job and injury. The phrase "in the course of" refers to the time, place, and conditions under which the accident occurred. WiregrassComprehensive Mental Health Clinic v. Price, Inc.,366 So.2d 725 (Ala.Civ.App. 1978); Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291 (1955).
The claimant contends on appeal that her accident was work related and thus arose out of and in the course of her employment. Whether a claimant's accident can, in fact, be labeled work related depends upon the particular circumstances presented in each case and primarily lies within the trial court's discretion. Moesch v. Baldwin County ElectricMembership Corp., 479 So.2d 1271 (Ala.Civ.App. 1985). This court cannot in workmen's compensation cases substitute its judgment for that of the trial court by reweighing the evidence as to questions of fact or by reconsidering the credibility of the witnesses where the testimony presented is in conflict.DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136
(Ala.Civ.App. 1988); Ray Motels, Inc. v. Griffin, 428 So.2d 107
(Ala.Civ.App. 1993). Our review is such that we must affirm this aspect of the trial court's decision if there is any legal evidence or reasonable inferences therefrom to support the trial court's determination that the "accident" did not arise out of or in the course of employment. Cook v. Munn,528 So.2d 881 (Ala.Civ.App. 1988).
The record reveals that the claimant was experiencing some pain in her left foot when she sought the services of Dr. Baerveldt, a podiatrist, on January 30, 1987. He testified by deposition that she informed him that her complaint had arisen overnight and that she suffered from congenital spina bifida, a condition which creates a loss of sensation in the lower extremities. He further testified that she related no prior trauma to her left foot during the examination. Based upon the foregoing information and upon the fact that her foot appeared to be infected, he prescribed antibiotics, which masked, but did not alleviate, her left foot's swollen and inflamed condition. He subsequently referred her to Dr. String, a vascular surgeon, whose report following his examination of the claimant lent credence to Dr. Baerveldt's testimony regarding the claimant's condition. This report to Dr. Baerveldt, dated February 13, 1987, stated, in pertinent part, that "as you know trauma or other inciting factors were denied." Dr. String placed the claimant on motrin, and the pain and swelling in her left foot appears to have gradually diminished. A few months later, however, her foot began to hurt again. She saw a chiropractor on May 15, 1987, who referred her to Dr. Braun, a podiatrist. Dr. Braun, on May 18, 1987, discovered two major fractures in her left foot. Following this examination, the claimant on May 20, 1987, submitted her "First Report of Injury" to Travelers Insurance Company. Therein she alleged that she had sustained an on-the-job injury while assisting movers in relocating equipment at her place of employment back on January 29, 1987. *Page 1017 
We would note that conflicting evidence was presented in this case. We would further note, however, that evidence of this nature is entrusted to the trial court for decision within its discretion. Best v. State Department of Revenue, 423 So.2d 859
(Ala.Civ.App. 1982).
It is undisputed that the claimant's injury report was not submitted until approximately three and one-half months after the alleged accident occurred. It is also undisputed that the claimant could not recall a specific incident or traumatic injury to her foot. In view of the foregoing, we find that the trial court could have reasonably determined from the evidence presented that no "accident" arose out of or in the course of employment. We therefore agree with the trial court that the claimant is not entitled to receive benefits under the workmen's compensation laws of Alabama. In light of this, we find it unnecessary to address any other issues raised on appeal.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.