This is a workmen's compensation case.
Robbie Fisher filed an action seeking permanent total disability for an injury suffered while working for Bruno's Food Stores, Inc.
After receiving evidence ore tenus, the trial court found that Fisher suffered an employment-related injury that resulted in a 15% permanent partial disability. Fisher thereafter filed a motion to modify the judgment, which was denied by operation of law, the trial court having failed to rule on the motion within 90 days as required by Rule 59.1, A.R.Civ.P. Hence, this appeal.
We note at the outset that our review of a workmen's compensation case is limited to determining whether there is any legal evidence to support the trial court's findings of fact. If any reasonable view of the evidence will support the trial court's findings, this court must determine whether the correct legal conclusions have been drawn therefrom. Ex partePatterson, 561 So.2d 236 (Ala. 1990).
A review of the evidence discloses that the trial court had before it the deposition testimony of three physicians and one vocational expert, in addition to Fisher herself, and a co-worker/supervisor. Dr. Ira Denton, a neurosurgeon, testified that in his opinion, Fisher had sustained a 7% impairment to her body as a whole as a result of the injury, and stated that she could continue with her job at moderate levels of weight lifting. Additionally, Fisher was offered surgical intervention; however, she failed to report for same on three separate occasions, therefore leading Dr. Denton to conclude that her pain was not as significant to her as had been described on other occasions.
Dr. Marc Michaud, an orthopaedic surgeon, concurred in Dr. Denton's assignment of 7% impairment of the body as a whole. Dr. Donald J. O'Brien assigned a permanent impairment of 15% to the body as a whole. Patsy V. Bramlet was called as an expert witness by Fisher, apparently as a vocational skills expert. It was her interpretation and opinion that the various medical disabilities to the body as a whole resulted in a 100% permanent total disability based upon Ms. Fisher's education and skill level. Fisher relies on this testimony, together with her own, in urging this court that the finding of the trial court is not supported by the legal evidence, and that any reasonable view of the evidence fails to support the judgment of the trial court.
Based upon the testimony of Fisher, the court found Fisher had preexisting medical, psychological, mental, and emotional causes not caused by or resulting from this work-related injury. Fisher admitted to being hospitalized for a back strain a year and a half prior to the accident, for which she sought chiropractic treatment as a result of a 1976 automobile accident.
The trial court refers to the evaluation and treatment records of Dr. O'Brien which disclosed that Fisher "exhibited some exaggerated behaviors during testing including jerking motions during testing, frequent verbalization and not completing a lift after the first half of the range of motion." The records further noted, "I feel Ms. Fisher has limiting back pain but she is magnifying her symptoms at present." Additionally, Dr. O'Brien opined that the fact that Ms. Fisher's injury was compensable and involved litigation could be a factor concerning her motivation to work. He further opined that he did not feel that Fisher would be motivated to return to any type of work until after settlement had been reached in her case, but that if a job suited her capacity, she should be able to perform it.
While Fisher's introduction of expert testimony concerning vocational disability was admissible, it is well settled that expert opinions in workmen's compensation cases are not binding on the trial court, even if the testimony is uncontroverted.Gibson v. Southern Stone Company, Inc., 518 So.2d 730
(Ala.Civ.App. 1987). Further, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial court may then interpret what it has heard and observed, according *Page 490 
to its own best judgment. Armstrong v. Lewis AssociatesConstruction Company, 469 So.2d 605 (Ala.Civ.App. 1984). While we as a reviewing court determine whether there is any legal evidence to support the judgment of the trial court, this court cannot consider the weight of the evidence or the propriety of the trial court's findings. Crown Textile Companyv. Dial, 507 So.2d 522 (Ala.Civ.App. 1987). Furthermore, the findings of the trial court on conflicting testimony, as in this case, are conclusive, where there is any evidence supportive of these conclusions. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982). See also Buchanan LumberCompany, Inc. v. Edwards, 531 So.2d 1 (Ala.Civ.App. 1988).
Accordingly, it is therefore the judgment of this court that there was sufficient legal evidence to support the trial court's conclusions, both as to fact and to law, and a reasonable view of that evidence supports the trial court's judgment. Hence, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.