L. CHARLES WRIGHT, Retired Appellate Judge.
Shannon Hendricks brought this action to recover benefits from Knauf Fiberglass, Inc., under the Workmen’s Compensation Act of Alabama. The case was submitted for disposition on the pleadings, depositions, documents, records, and reports. The trial court found in favor of Knauf. Hendricks appeals.
*1048 Hendricks asserts that the trial court erred in finding that she incurred no com-pensable disability.
In a workmen’s compensation case this court's review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Hendricks was employed by Knauf from March 1988 to May 1988. The parties stipulated that her injury, which occurred on April 14, 1988, arose out of and in the course of her employment with Knauf and that Knauf was given proper notice of the injury.
At the time of the injury Hendricks was working as a bat bagger, requiring her to lift bags of fiberglass. Hendricks testified that it was while she was lifting the bags that the injury occurred. We are not clear what type injury Hendricks sustained. She testified, however, that at the time of the accident she began to feel “sick” and that her entire body ached. She did not suffer any sharp or sudden pain. She finished the shift and went home. She visited Dr. Klin-ner the next day and he recommended that she not work for several days. After several days Hendricks returned to work. She continued to work for Knauf until May 17, 1988, at which time she quit. She testified that the reason she left Knauf was because she was having difficulty with her supervisor. Her departure was not related to her alleged injury.
In January 1989 Hendricks visited Dr. J.K. Rainer, a neurosurgeon, at the request of her attorney. She complained of back and neck pain with some right arm and right leg pain. Dr. Rainer had x-rays and an MRI scan made of Hendricks’s neck and lower back. The results were normal. Dr. Rainer's impression of her problems was chronic cervical myofascial strain with coc-cydynia. He recommended conservative treatment with non-narcotic pain medication. He did not restrict her from working.
Hendricks revisited Dr. Rainer in October 1989 requesting that a myelogram be performed. Dr. Rainer determined that she did not need to have a myelogram. His decision was based on the prior MRI scan and a normal neurological examination. Dr. Rainer testified in deposition that Hendricks and her mother were openly hostile and that she would not cooperate with the testing. He opined that such hostility was based on the pending lawsuit. Hendricks dismissed Dr. Rainer at that time.
Hendricks saw Dr. Patrick Ryan to obtain a second opinion. Dr. Ryan found that she was suffering from myofascial syndrome and coccydynia. She underwent a myelogram, which was essentially normal. Dr. Ryan put her on medication for the pain and for depression. He did not restrict her activities.
Dr. William Stewart, a psycho-vocational and vocational rehabilitation specialist, interviewed Hendricks in July 1990. He assessed Hendricks with a 45 to 50 percent vocational impairment.
In September 1990 Hendricks was interviewed by Jo Spradling, a rehabilitation consultant. Spradling found that she had encountered no vocational loss.
At the time the case was submitted, Hendricks was working as a bank teller and earning $5.21 an hour. The parties stipulated to the fact that Hendricks was earning $7.75 per hour while she was employed with Knauf.
In determining that there was no com-pensable disability, the trial court found the following:
“The principal area of dispute in this case concerns the existence and extent of any disability. None of the medical testimony assigns any degree of disability. Plaintiff’s vocational expert assigned a forty-five (45) to fifty (50) per cent vocational disability. Defendant’s vocational expert found no vocational disability. Upon weighing all of the evidence the Court is satisfied that plaintiff has no compensable disability.”
*1049 In making its findings, the trial court must look to the entire evidence, as well as to its own observations. Adkins v. Morton Thiokol, Inc., 560 So.2d 1090 (Ala.Civ.App.1990). The findings of the trial court on conflicting testimony are conclusive where there is evidence to support the conclusions. Fisher v. Bruno’s Food Stores, Inc., 588 So.2d 488 (Ala.Civ.App.1991). This court cannot consider the weight of the evidence or the propriety of the trial court’s findings. Fisher.
From our review of the record, we find that there is evidence to support the trial court’s conclusion. This court considers that the judgment of the trial court is not unreasonable in view of all the evidence. Eastwood.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON P.J., and RUSSELL, J., concur.
THIGPEN, J., concurs in the result.