Jerry Nance (employee) sued his brother, Douglas Nance (employer), to recover workmen's compensation benefits for an injury that he suffered on January 30, 1991, while working as a pulpwood logger. After receiving ore tenus evidence, the trial court denied the benefits. The employee appeals.
The dispositive issue is whether the trial court properly considered the evidence in determining that the employee was not entitled to workmen's compensation benefits.
We note that because this is a workmen's compensation case, our standard of review is limited to a two-pronged test. Initially, we look to see whether there was any legal evidence to support the trial court's findings. If such evidence is found, we next determine whether any reasonable view of that evidence supports the trial court's judgment.Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991). Our Supreme Court stated in Ex parte Veazey, 637 So.2d 1348
(Ala. 1993), "Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." That court added, "[O]nly where no reasonable view of the evidence would support the trial court's judgment should the judgment be disturbed." 637 So.2d at 1349.
The employer contends that the employee's condition was not a result of the January 1991 injury, but was a pre-existing condition that was caused by a 1983 injury, arguing that the medical evidence offered no objective support of the employee's contention that the 1991 injury had a causal link to his complaints of low back pain.
In reaching its decision in workmen's compensation cases, the trial court considers all of the evidence before it, including its observation of the witnesses, and it then interprets what it has heard and observed, according to its best judgment. Fisher v. Bruno's Food Stores, Inc., *Page 955 588 So.2d 488 (Ala.Civ.App. 1991). Further, the trial court is not bound by expert testimony; it is able to observe the witnesses and exercise its own judgment in reaching conclusions of fact. Kline v. Combined Insurance Co. ofAmerica, 570 So.2d 1238 (Ala.Civ.App. 1990).
The trial court received deposition testimony from four doctors. That testimony forms an adequate basis to support the trial court's finding. Dr. Robert Burney, a neurological surgeon, was the only doctor to testify that the employee had, in fact, suffered an injury. Dr. Burney first examined the employee approximately one year after the January 1991 accident. He testified that a myelogram had revealed a ruptured disc at the L-4, L-5 region of the back. However, a radiologist, Dr. Michelle Agee, read the myelogram and found it to be normal. On February 11, 1992, Dr. Burney performed laminectomy and discetomy surgery on the employee. He gave the employee a 15-18 percent impairment rating to his body as a whole and restricted his lifting to 40-45 pounds.
The other three doctors were unable to make a medical diagnosis of the employee. They testified that various tests performed, such as myelogram, EMG, MRI, and CAT scan, showed no abnormalities or herniated disks that would account for the employee's complaints of low back pain. Dr. James Davie, a neurological surgeon, testified that in February 1991 he performed a lumbar myelogram; he said it "was [of] excellent quality" and that he "felt it was totally and entirely normal." Dr. Davie further testified that if there was a problem, it was a musculoskeletal back strain. He also testified that he believed that the employee was motivated by the prospect of a financial recovery and that the employee had alleged a greater degree of disability than he actually had.
Dr. Richard McFague, a board certified doctor in physical medicine and rehabilitation, first saw the employee in March 1991. Dr. McFague testified that the pain that the employee had in his lower back could be consistent with the January 1991 injury. However, in June 1991, Dr. McFague exhausted all options with the employee and had no recommendations for providing diagnostic testing or treatment. He assigned a five percent impairment rating due to the fact that the employee had had a back injury and had had subjective complaints of pain for more than six months. Dr. McFague further testified, "I have a very strong suspicion that although he may have some subjective complaints of low back pain, I did not think that he was as incapacitated with that as he indicated he was."
Dr. John Hackman, a neurological surgeon, testified that a myelogram done in February 1991 had revealed no abnormalities.
At the hearing, the court heard testimony from the employee and his wife. In its order, the trial court noted that it considered the employee's credibility, the medical evidence, and its own observations. It found that the accident of January 1991 did not cause the employee to suffer a compensable injury.
In workmen's compensation cases where there is conflicting testimony, as here, and some of the testimony supports the findings of the trial court, the finding is deemed conclusive. Dan River Mills, Inc. v. Foshee, 365 So.2d 1232
(Ala.Civ.App. 1979). This court does not weigh evidence. BlueCircle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App. 1991). It is the trial court's duty to determine the weight to be given to testimony, and its findings on conflicting testimony are conclusive where there is any evidence to support its conclusion. Id. While we cannot say that we would have reached the same result, this court may not substitute its judgment for that of the trial court. Morrow v. Travelers Ins. Co.,550 So.2d 1015 (Ala.Civ.App. 1989).
After a careful review of the record, we conclude that the evidence supported the trial court's findings. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents. *Page 956