671 So.2d 677 (1995)
Adoris CLARK
v.
RUSSELL CORPORATION.
2940053.
Court of Civil Appeals of Alabama.
March 3, 1995.
Rehearing Denied May 12, 1995.
*678 Wanda J. Batson of Proctor and Vaughn, Sylacauga, for appellant.
Randall S. Haynes of Morris, Haynes, Ingram & Hornsby, Alexander City, for appellee.
YATES, Judge.
Adoris Clark sued Russell Corporation to recover workmen's compensation benefits for an asthma attack she suffered in February 1991; she says her asthma was aggravated by the nature of her employment.[1] After receiving ore tenus evidence, the trial court denied benefits. Clark appeals, contending that the trial court erred in its determination of medical causation and in its application of § 25-5-110(1), Ala.Code 1975, which defines "occupational disease."
The standard of appellate review in a workmen's compensation case is (1) whether there is any legal evidence to support the trial court's findings and (2) whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). "However, in ore tenus cases, this standard of review is applicable only to the trial court's findings of fact, not its conclusions of law." Ex parte Cash, 624 So.2d 576, 577 (Ala.1993).
Clark testified that she began working as a garment folder for Russell in 1973 or 1974 and was employed by Russell through February 1991. She testified that she had suffered from asthma since about 1964 and that in 1986 she was hospitalized after experiencing serious problems associated with the disease. She stated that she was hospitalized on two other occasions before her February 1991 attack and hospitalization. She further testified that her exposure in the workplace to certain chemicals, dust, lint, smoke, and cleaning fluid made it difficult to breathe and aggravated her asthma.
Dr. George Beale examined Clark after her February 1991 hospitalization. He wrote a note on March 15, 1991, stating, "TO WHOM IT MAY CONCERN Adoris Clark has asthma, and she is unable to work at Russell's." Although Dr. Beale testified in his April 1994 deposition that things such as lint, dust, and chemical odors aggravate asthma, he could not "to a reasonable degree of medical certainty" determine whether the lint, dust, and chemical odors aggravated Clark's asthmatic condition. He stated that *679 he advised Clark against returning to Russell, based on her statements to him that she could not breathe upon entering the plant. We note that Clark had worked at Russell for approximately 18 years; that she began experiencing serious problems with her asthma while working at Russell; and that she had not been seriously ill since leaving Russell in February 1991.
Clark argues that the trial court failed to consider our Supreme Court's decision in Ex parte Cash, supra, which Clark contends is factually similar to her case. There, the physician who examined Cash diagnosed him as suffering from byssinosis, an asthmatic condition caused by an allergy to cotton dust. The trial court, in denying workmen's compensation benefits, determined that Cash did not suffer from byssinosis and that his condition was not caused by employment-related factors. Our Supreme Court stated: "[T]he trial court focused only upon whether Cash suffered from an occupational disease caused by employment-related factors. It made no finding as to whether Cash suffered from a disease aggravated by exposure to cotton dust." Id., at 578 (emphasis added). The Supreme Court wrote: "The Court of Civil Appeals has held that, even if an employee has a pre-existing disease, his injury is compensable when job-related factors combine with his disease or aggravate his disease and, thereby, produce an injury." Id., at 577.
Clark further argues that the trial court focused only upon whether she suffered from an occupational disease caused by employment-related factors, rather than whether the work environment at Russell aggravated her asthma. The trial court's judgment states:
"Other than being `probably allergic to something at work that was making her wheeze,' ... [Clark] failed to prove that her asthma was caused by a hazard recognized as peculiar to her occupation as a direct result of an exposure, over a period of time, to the normal working conditions of the occupation."
In reaching its decision in workmen's compensation cases, the trial court considers all of the evidence, including its observation of the witnesses. It then interprets what it has heard and observed, according to its best judgment. Nance v. Nance, 640 So.2d 953 (Ala.Civ.App.1994). "[T]he trial court is not bound by expert testimony; it is able to observe the witnesses and exercise its own judgment in reaching conclusions of fact." Id., at 955. The trial court determines the weight to be given to testimony, and its findings on conflicting evidence are conclusive if there is any evidence to support those findings. Id. The trial court made no finding as to whether Clark's asthma was aggravated by employment-related factors at Russell.
Clark also argues that the trial court did not comply with § 25-5-110(1), Ala.Code 1975, which defines "occupational disease" as "[a] disease arising out of and in the course of employment ... which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged." The trial court's judgment states: "[Clark] has failed to prove that she was exposed by her employment to the risk causing her asthma in a measurably greater degree and in a substantially different manner than are persons in the same employment generally."
"[I]n order for a disease to be occupational, it must derive from hazards which are (1) in excess of those ordinarily incident to employment in general, and (2) different in character from those found in the general run of occupations." Smith v. Colonial Bank, 607 So.2d 1265, 1266 (Ala.Civ.App.1992). The trial court's order does not track the statutory definition of occupational disease and does not consider whether the hazards are in excess of those ordinarily incident to employment in general.
For the foregoing reasons, we reverse the judgment of the trial court and remand the case for the trial court to consider whether work-related factors aggravated Clark's asthma and whether Clark's asthma was exacerbated by hazards in excess of those ordinarily incident to employment in general. See also § 25-5-88, Ala.Code 1975, and Farris v. St. Vincent's Hospital, 624 So.2d 183 (Ala. Civ.App.1993).
*680 REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.
MONROE, Judge, dissenting.
I would affirm the judgment of the trial court; therefore, I respectfully dissent.
The trial court's judgment reads in pertinent part:
"2. Plaintiff has failed to prove that she was exposed by her employment to the risk causing her asthma in a measurably greater degree and in a substantially different manner than are persons in the same employment generally.
"3. Other than being `probably allergic to something at work that was making her wheeze,' ... Plaintiff failed to prove that her asthma was caused by a hazard recognized as peculiar to her occupation as a direct result of an exposure, over a period of time, to the normal working conditions of the occupation."
I read the judgment to mean that the trial court found no link between the plaintiff's asthma and her employment at Russell, i.e., that her employment at Russell was not a factor contributing to either the cause or the severity of her asthma.
Clark is seeking to recover workmen's compensation benefits for an asthma attack that occurred in February 1991; therefore, this case is controlled by the Workmen's Compensation Act as it read before the May 19, 1992, amendments. In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991), the Alabama Supreme Court set out the proper standard of appellate review for cases brought under the Workmen's Compensation Act, § 25-5-1 et seq., Code of Alabama 1975:
"Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
"Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Ex parte Veazey, 637 So.2d 1348, 1349 (Ala. 1993).
The record shows that Clark had been suffering from asthma for 22 years and that she had been working at Russell for at least 12 years before experiencing asthma problems severe enough to require hospitalization. The doctor who examined Clark testified that he could not "to a reasonable degree of medical certainty" determine whether the lint, dust, and chemical odors aggravated Clark's asthma.
From this evidence, the trial court's view that there is no link between Clark's asthma and her employment at Russell Corporation is reasonable, and the judgment should be upheld. I would affirm the judgment of the trial court.
ROBERTSON, P.J., concurs.
NOTES
[1] We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling.