Because I find that substantial evidence supports the trial court's finding that Holmes has a pre-existing condition, which precludes *Page 452 
an award of workers' compensation benefits, I must respectfully dissent.
In its judgment, the trial court stated that
 "it would be pure speculation on the part of this court to determine that [Holmes's] job related activities caused or contributed to his continuing back problems as opposed to finding that his work simply made an existing back problem hurt when he performed the job related activities."
The majority opinion emphasizes that the medical expert testimony mandates an award of benefits. Although the 1992 Act provides for a "substantial evidence" standard of review, this court does not reweigh the evidence considered by the trial court. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012
(Ala.Civ.App. 1995). Also, the trial court is not bound by the expert testimony in making its judgment, and it is entitled to rely on its own observations. Nance v. Nance, 640 So.2d 953
(Ala.Civ.App. 1994). In this case, the trial court simply weighed the evidence and determined that the medical expert testimony was too remote to support a finding that the 1988 injury was aggravated by Holmes's job. Such a determination is not in error, and I must dissent.
THIGPEN, J., concurs.