MOORE, Judge.
G.UB.MK Constructors (“the employer”) appeals from a judgment entered by the Colbert Circuit Court (“the trial court”) on remand from this court’s decision in G.UB.MK Constructors v. Davis, 45 So.3d 1277 (Ala.Civ.App.2010). In the judgment entered on remand, the trial court found Howard Lee Davis (“the employee”) to be virtually totally disabled as a result of the pain caused by the work-related injury he had sustained to his left hand, and, based on that finding, the trial court awarded the employee permanent-total-disability benefits pursuant to the Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq. We reverse.

Background

In Davis, supra,[1] the trial court found that, as a result of the employee’s March 15, 2006, on-the-job accident, the employee sustained an injury to his left hand, that, as a result of that injury, the employee experienced severe pain extending up his arm and into his shoulder, neck, and upper back, and that his pain affected his ability to perform his job as a machinist. Id. at 1278-80. The trial court also found that the employee’s injury caused him debilitating pain. Id. at 1280. As a result, the trial court found that the employee was permanently and totally disabled, and it awarded him workers’ compensation benefits outside the schedule set out at § 25-5-57(a)(3)a., Ala.Code 1975 (“the schedule”), which sets forth the benefits payable for an injury to a scheduled member. Id. The employer appealed.
In reviewing the trial court’s judgment, this court acknowledged that the trial court had referred to two recognized grounds for awarding benefits outside the schedule, i.e., the test set out in Ex parte Drummond Company, 837 So.2d 831 (Ala.2002), and the “pain exception” recognized in Masterbrand Cabinets, Inc. v. Johnson, 984 So.2d 1136 (Ala.Civ.App.2005), affirmed, Ex parte Masterbrand Cabinets, Inc., 984 So.2d 1146 (Ala.2007). See Davis, 45 So.3d at 1281.
After reviewing the evidence that had been presented to the trial court, this court concluded that the employee had failed to present sufficient evidence indicating that the effects of his left-hand injury extended to other parts of his body and interfered with their efficiency. Id. at 1284. Thus, this court concluded that the trial court’s award of benefits outside the schedule could not be sustained under the exception recognized in Ex parte Drum-mond Co., supra.[2] Id.
*1000 This court then addressed the trial court’s reliance on the “pain exception,” which also allows benefits to be awarded outside the schedule, and noted that recent changes had occurred in that area of workers’ compensation law while the case was on appeal. Id. at 1285. This court summarized those recent changes as follows:
“At the time the judgment was entered on December 1, 2008, Masterbrand Cabinets, Inc. v. Johnson, 984 So.2d 1136 (Ala.Civ.App.2005), affirmed, Ex parte Masterbrand Cabinets, Inc., 984 So.2d 1146 (Ala.2007), served as the only possible authority allowing a trial court to treat ‘debilitating’ pain as a way of avoiding the schedule. This court has since overruled Johnson and held, consistent with footnote 11 from Ex parte Drummond [Co., 887 So.2d 881, 836 n. 11 (Ala.2002) ], that pain isolated to a scheduled member may be sufficient to remove the injury from the schedule if that pain is totally, or virtually totally, physically disabling. See Norandal U.S.A., Inc. v. Graben, 18 So.3d 405, 416 (Ala.Civ.App.2009) (‘Graben I ’).
“As more recently discussed in Norandal U.S.A., Inc. v. Graben, [Ms. 2080679, March 12, 2010] — So.3d(Ala.Civ.App.2009) (‘Graben II ’):
“ ‘This court phrased the [new “pain exception”] test as requiring proof of total, or virtually total, physical disability because Ex parte Drummond holds that an injury to a scheduled member may not be treated as unscheduled based on evidence of the vocational disability arising therefrom. 837 So.2d at 834 n. 8....
“ ‘Ex parte Drummond further instructs this court that the pain exception should be construed strictly. As this court has previously recognized, the Drummond court intended “a reining in ... of the manner of computing benefits where the only impairment claimed is to a scheduled member.” Ex parte Fort James Operating Co., 905 So.2d 836, 844 (Ala.Civ.App. 2004). Ex parte Drummond created a “more stringent test” for circumventing the legislated remedy. Alabama Workmen’s Comp. Self-Insurers Guar. Ass’n, Inc. v. Wilson, 993 So.2d 451, 453 (Ala.Civ.App.2006). Accordingly, any judicially created exception to the schedule must be applied narrowly. See Ex parte Addison Fabricators, Inc., 989 So.2d 498 (Ala.2007). The pain exception should not be applied so that it swallows the rule of exclusivity and returns the law to its pre-Ex parte Drummond state in which the schedule almost never controlled the compensation due for an impairment to a listed member. See 1 T. Moore, Alabama Workers’ Compensation § 14:16 (Supp.2009). Just recognizing a pain exception to the schedule injects uncertainty into an area purposefully intended to be certain, see Ex parte Addison Fabricators, Inc., 989 So.2d at 502-03 (recognizing that the legislature instituted the schedule to minimize controversy and to assure speedy payment of benefits); the test should not be applied in such a manner as to add to that uncertainty and to lead to the *1001 type of litigation the legislature specifically intended to avoid when it created the schedule. See id. In keeping with Ex parte Drummond and the legislative intent behind the schedule, the test is not satisfied by evidence that the worker experiences “abnormal,” constant, and severe pain even when not using the affected member, see Johnson, 984 So.2d at 1144-45; rather, it requires competent proof that whatever pain the worker experiences completely, or almost completely, physically debilitates the worker.
“ ‘In determining whether the evidence satisfies this exceedingly high standard, a trial court must consider all legal evidence bearing on the existence, duration, intensity, and disabling effect of pain in the scheduled member, including its own observations. See generally Nance v. Nance, 640 So.2d 953 (Ala.Civ.App.1994). That evidence would include the worker’s own subjective complaints, even if those complaints are unsupported by or contradict the medical evidence .... ’
“Graben II, — So.3d at-.”
Davis, 45 So.3d at 1285-86. Because of the changes in the law regarding the pain exception that had occurred while the case was on appeal, we reversed the trial court’s judgment and remanded the case for reconsideration. Id. at 1286. On remand, we instructed the trial court “to determine whether, based on the evidence in the record, the pain isolated in the left hand of the employee totally, or virtually totally, disables him.” Id.
On remand, the trial court entered a judgment, which stated, in pertinent part:
“This court has studied [Norandal U.S.A., Inc. v. Graben, 18 So.3d 405 (Ala.Civ.App.2009) ], and [Norandal U.S.A., Inc. v. Graben, [Ms. 2080679, March 12, 2010] — So.3d-(Ala.Civ. App.2010) ], and has gone back and studied the record and its notes and reflected on the testimony that was elicited in open court on October 6, 2008. This court finds that the pain in the employee[’s] ... left hand virtually totally disables him. The pain that [the employee] testified about in open court was not only abnormal, constant and severe but virtually debilitating. This court observed [the employee] testifying about the pain and observed him in court before and after his testimony. This court saw [the employee’s] hand where the skin, blood vessels and nerves had been ripped from the top of his hand. This court recollects that Dr. Clark prescribed a narcotic to help [the employee] deal with the pain. Dr. Clark testified that [the employee complained of ‘severe pain ... that interferes with his activities.’ The doctor and [the employee] referenced an ‘aching pain,’ a ‘throbbing pain,’ and pain that on a scale of 1 to 10, averaged an 8. This evidence was not refuted.
“This court in its ORDER AND FINAL JUDGMENT of December 1, 2008, ... found the employee[’s] ... pain to be ‘debilitating.’ This court found then that the pain in this worker’s left hand was physically debilitating and states and finds now that this pain, isolated to the left hand of [the employee], virtually totally disables him.”
(Capitalization in original.) Based on those findings, the trial court again ordered the employer to pay the employee permanent-total-disability benefits and to pay the cost of any reasonably necessary medical treatment related to the employee’s injury, including any treatment necessary for pain. The employer filed a motion seeking to alter, amend, or vacate the *1002 judgment, which the trial court denied. The employer appeals again.[3]

Standard of Review

The standard of appellate review in workers’ compensation cases is governed by § 25-5-81(e), Ala.Code 1975, which provides, in part, that, “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). “Substantial evidence” is “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)).

Analysis

In order for pain in a scheduled member to be totally, or virtually totally, debilitating to the body as a whole, that pain must be such that it completely, or almost completely, prevents the worker from engaging in physical activities with the uninjured parts of his or her body. Norandal U.S.A., Inc. v. Graben, [Ms. 2080679, March 12, 2010] — So.3d(Ala.Civ.App.2010). After carefully reviewing the record, we conclude that the employee did not present substantial evidence to meet that “exceedingly high standard.” Id. at-.
The trial court correctly determined that the employee complained of throbbing, aching pain in his left hand that he rated at a level of 8 on a scale of 1 to 10 and that the employee complained to Dr. Joseph Clark, his authorized treating orthopedic surgeon, on July 31, 2008, that the pain in his left hand “interferes with his activities.” Furthermore, at least at one point during his medical treatment of the employee, Dr. Clark had prescribed Lortab 7.5 for the employee to use to combat his left-hand pain.
However, the employee did not testify that the pain in his left hand had totally, or virtually totally, debilitated him. To the contrary, the employee testified that, five or six weeks after his injury, the employer reassigned him to work as a quality-assurance inspector with restrictions against using his left hand, that he performed that job for over a year, and that he remained able to do that job at the time of the trial.[4] The employee stated that he could not use a garden tiller around his house because of the adverse effects on his left hand from the vibration. He also testified that environmental changes increase the pain in his left hand, but he did not testify that the pain from his left hand prevents him in any way from otherwise fully using the uninjured parts of his body, including his dominant right hand.
The evidence in the record would sustain a finding that the employee experiences severe, unremitting pain in his left hand, but the record does not support the trial court’s determination that such pain totally, or virtually totally, debilitates the employee. Thus, the trial court erred in awarding the employee permanent-total-disability benefits under § 25-5-57(a)(4), Ala.Code 1975. We reverse the judgment of the trial court and remand the case for the trial court to determine the appropri *1003 ate amount of benefits due the employee under § 25-5-57(a)(3).
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and THOMAS, JJ„ concur.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.

. In Davis, the parties stipulated that the employee's injury resulted from an accident arising out of his employment with the employer, and the details surrounding the employee's injury can be found in that opinion. The only issues presented to the trial court for resolution in Davis were (1) whether the employee’s compensation should be based on a scheduled injury under the Act or on a disability to the body as a whole and (2) the extent of Davis’s impairment or disability resulting from the injury. See 45 So.3d at 1278.

. In Davis, supra, this court concluded that the effects of the employee's injury had not extended to other parts of his body and had not interfered with their efficiency. 837 So.2d at 1284. Thus, on remand, the trial court was not free to reconsider whether the evidence warranted an award of benefits out *1000 side the schedule under the exception addressed in Ex parte Drummond Co., and, as a result, that issue is not before this court in this appeal. See Norandal U.S.A., Inc. v. Graben, [Ms. 2080679, March 12, 2010] — So.3d -,-(Ala.Civ.App.2010)("Under the ‘law of the case’ doctrine, "[t]he issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.” ' ” (quoting Travis v. Travis, 875 So.2d 1212, 1214 (Ala.Civ.App.2003), quoting in turn Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001))).

. The record from the previous appeal, case no. 2080547, has been incorporated into this appeal.

. At one point, the employee testified that he had last worked in January 2007; however, he had earlier testified that he had worked through September 2007, that he had been laid off at that time, and that he had resumed work in January 2008 for four days before being laid off again.